LORRAINE S. KOEHM *v.* IDA KUHN ET AL.
(6620)

SPALLONE, O'CONNELL and FOTI, Js.

Argued March 16—decision released May 9, 1989

*Mary Ann Barile,* with whom, on the brief, was *Raphael Korff,* for the appellants-appellees (named defendant et al.).

*Mathew D. Newman,* with whom, on the brief, was *Noel R. Newman,* for the appellee-appellant (plaintiff).

PER CURIAM. The defendants, Ida Kuhn and Anthony Caltabiano,[1] appeal the judgment rendered for the plaintiff, Lorraine S. Koehm, in an action for damages and release of mortgage brought pursuant to General Statutes § 49-8 (c). The plaintiff has cross appealed.

The defendants claim that the trial court erred (1) in finding that the amount due in satisfaction of the debt was delivered to the defendant, (2) in finding that the plaintiffs met the notice requirements of General Statutes § 49-8 (c),[2] (3) in finding that the restrictive endorsement placed on the check by the plaintiff effected an accord and satisfaction when the defendants cashed the check, (4) in failing to find that General Statutes § 49-8 superseded the holding in *Scripture* v. *Johnson,* 3 Conn. 211 (1819), and (5) in awarding damages.[3] The plaintiff in her cross appeal claims that the trial court erred in not awarding her counsel fees

---

[1] Laurence V. Parnoff, one of the defendants in the trial court, has not taken an appeal. As used in this opinion, "defendants" refers to Kuhn and Caltabiano.

[2] This claim is not reviewable because the defendants failed to raise it in the trial court. See Practice Book § 4185.

[3] The defendants raised two additional issues. Those issues relate, however, to the defendant Parnoff's counterclaim and therefore cannot be raised in this appeal.

under General Statutes § 49-8 (c).[4] We find no error on the appeal or on the cross appeal.

The trial court filed a complete and legally sound memorandum of decision incorporating the facts found and setting forth legal conclusions made in conformity with applicable law. The trial court's decision so completely articulates the issues involved and so adequately explains the legal basis for its conclusions that it may be referred to for a detailed discussion of the facts and applicable law. See *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984); *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253, 470 A.2d 1216 (1984); *Cantor* v. *Department of Income Maintenance,* 12 Conn. App. 435, 438, 531 A.2d 606 (1987).

Accordingly, the trial court's memorandum of decision, reported in *Koehm* v. *Kuhn,* 41 Conn. Sup. 130, 558 A.2d 1042 (1987), should be referred to for a detailed discussion of the facts and legal conclusions in the case.

There is no error.

---

[4] General Statutes § 49-8 (c) provides: "If the mortgagee or plaintiff or his attorney, as the case may be, fails to execute and deliver a release after thirty days from the date of a written request for a release of such encumbrance sent to him to his last-known address by registered mail or by certified mail, postage prepaid, return receipt requested, the mortgagee or plaintiff shall be liable for damages to any person aggrieved at the rate of one hundred dollars for each week after the expiration of such thirty days but not exceeding in the whole the sum of five thousand dollars or in an amount equal to the loss sustained by such aggrieved person as a result of such failure to execute and deliver a release, whichever is greater."