[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendants have moved to strike counts two, five, six, seven and eight of the plaintiff's complaint. The plaintiff has revised his complaint twice, adding more counts as he goes, and substantially repeating allegations contained in earlier counts. The first count, which is not challenged by this motion is against two defendants, Subway Sandwich Shops, Inc. (Subway) and Doctors Associates, Inc. (Doctors). The plaintiff claims to have recovered a judgment for $28,891. plus costs against Subway on July 1, 1988. In paragraph eleven of the first count it is claimed that a bank account of Subway was closed by issuing a check for $10,178.78 to the defendant, Doctors, and paragraph twelve claims that this was a fraudulent conveyance for several reasons. The motion to strike does not challenge this count. The second count repeats the allegations of the first count and tacks on a claim that the conduct of Subway and Doctors referred to amounts to a deceptive and unfair act or practice in the course of trade or commerce, and that it is a violation of the Connecticut Unfair Trade Practices Act (CUTPA), section 42-110b of the General Statutes.
The third count, as contained in the revised complaint of March 12, 1990, is labeled as a fraudulent conveyance claim against Frederick A. DeLuca, who is alleged in paragraph ten to be a corporate officer, member of the Board of Directors and a major shareholder of the two corporate defendants, Subway and Doctors. Paragraph eleven alleges that these three defendants are alter egos of each other, followed by allegations attempting to raise the identity and instrumentality rules of the doctrine of piercing the corporate veil and claiming that DeLuca is therefore responsible for the claimed fraudulent conveyance between Subway and Doctors. Identical allegations are made in the CT Page 227 fourth count, labeled fraudulent conveyance against Peter Buck. Buck is also claimed to have engaged in the alleged fraudulent conveyance, is claimed in paragraph ten to be an officer, director and major shareholder of the defendants Subway and Doctors, and paragraph eleven asserts the identity and instrumentality rules for piercing the corporate veil. The motion to strike is not addressed to the third and fourth counts.
The fifth count is labeled as a CUTPA claim against DeLuca, and the sixth count is labeled as a CUTPA claim against Buck. Except for using different defendants, the allegations of those counts are the same, and allege the closing of the Subway bank account with the issuance of the check to Doctors, and that this conveyance of funds was fraudulent. Paragraphs eight through eleven attempt to set forth necessary allegations for a CUTPA claim. Sandwiched in paragraph eight, however, is the theory of piercing the corporate veil. In other words, in the fifth and sixth counts fraudulent conveyance, piercing the corporate veil and CUTPA claims are contained in the same counts.
Not content with six counts, the plaintiff amended his complaint again to add a seventh count and eighth count against DeLuca and Buck respectively, containing similar allegations. The seventh and eighth counts incorporate paragraphs one through eight of the third and fourth counts respectively. While the earlier counts already contain allegations designed to raise the theory of piercing the corporate veil, the seventh and eighth counts do it again. All of these counts assert that the individual defendants are liable on the judgment against Subway only, dated July 1, 1988 based on claims of fraudulent transfer of funds and domination and control of Subway.
The seventh and eighth counts of the complaint are arguably subject to being chopped out on a request to revise under section 147(2) of the Connecticut Practice Book because they are unnecessarily repetitious of the third and fourth counts and parts of the fifth and sixth counts. However, there is a problem in getting the fifth, sixth, seventh and eighth counts out of the complaint on a motion to strike. The defendants have not moved to strike the first count, which alleges a fraudulent conveyance between Subway and Doctors, or the third and fourth counts which claim participation, based on the corporate veil theory, against DeLuca and Buck. Moreover, in some cases, both the grantor and grantee can be legally responsible to a creditor of the grantor and be subject to a fraudulent conveyance claim. The fraudulent conveyance claim is carried over into the fifth through eighth CT Page 228 counts. Assuming there is no merit to the other theories in those counts, a motion to strike cannot be granted where a proper and a defective cause of action are alleged in one count of a complaint. Rowe v. Godou, 209 Conn. 273, 279. While the court does not condone the sloppy pleading of the plaintiff, and what appears to be the inventing of claims when the plaintiff could not successfully collect from the original judgment debtor, the motion to strike must be denied as to the fifth through eighth counts.
This leaves the question whether the second count states a cause of action. With a motion to strike, all of the facts alleged in the complaint and facts necessarily implied from the allegations in it are accepted as true, and the complaint is construed in the manner most favorable to the pleader. Blancato v. Feldspar Corp., 203 Conn. 34, 36, 37. The court is limited to the facts alleged in the complaint and cannot infer other facts beyond those alleged or necessarily implied from stated facts. Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170.; King v. Board of Education, 195 Conn. 90,93, 95. While a motion to strike admits all facts pleaded, it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108.
The second count alleges that the check written on the Subway account and payable to Doctors was a fraudulent conveyance of funds, and based upon that was an unfair trade practice under CUTPA. The claim in paragraph sixteen that the acts complained of were in the course of trade or commerce as defined in the statute is a legal conclusion. The same is true of the claim that the act was an unfair and deceptive act and trade practice in violation of CUTPA, and that it has a potential effect on the general consuming public, as alleged in paragraphs fourteen and fifteen of the second count. The other allegations, containing facts, can be accepted as true for purposes of the motion to strike. In order to recover under CUTPA a plaintiff must show either an unfair method of competition on the part of a business competitor or an unfair or deceptive act or practice in trade or commerce, namely a consumer type of injury. McLaughlin Ford Inc. v. Ford Motor Co., 192 Conn. 558, 567. [While there is no longer any requirement for showing a deceptive act or practice that has a potential effect on the general consuming public as a result of P.A. 84-468 there must still be a showing of a consumer type injury or that the parties are business competitors.] CUTPA is not designed as a catch-all for additional redress for every private dispute or legal wrong. Ivey, Barnum O'Mara v. Indian Harbor Properties, Inc.190 Conn. 528, 540. In order to be actionable the defendant CT Page 229 must engage in unfair methods of competition or unfair or deceptive acts or practices in the conduct of any trade or commerce. Section 42-110b(a) C.G.S. "Trade or commerce" is defined in section 42-110a(4) as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real personal or mixed, and any other article, commodity or thing of value in this state."
There is no allegation in the complaint of any business relationship between the parties or a transaction before or after the judgment, based upon a consumer type relationship between them. All that the complaint alleges is, in effect, that the plaintiff is a judgment creditor of the defendant, Subway and that Subway and Doctors have taken evasive action to avoid payment of a debt. In Koehm v. Kuhn, 41 Conn. Sup. 130, affirmed 18 Conn. App. 313, the bringing of a suit against an attorney (for failure to deliver a release signed by the mortgagees after payment of the mortgage debt) was not considered an unfair or deceptive practice within the meaning of CUTPA. The plaintiff has not identified any case involving actions of a debtor to avoid debt collection by a creditor, where both are private parties, which has been found to be subject to CUTPA. In order to have a cause of action under CUTPA, the claimant must satisfy the three part rule stated in such cases as McLaughlin Ford Inc. v. Ford Motor Co., supra, 567, 568, and show either an actual deceptive practice, or a practice amounting to a violation of public policy. Daddona v. Liberty Mobile Homes Sales, Inc.,209 Conn. 243, 254; Web Press Services Corp. v. New London Motors, Inc., 203 Conn. 342, 355. The court has been unable to find any case which holds that a fraudulent conveyance involving private parties is actionable under CUTPA.
The motion to strike the second count of the complaint is granted. The motion to strike the fifth, sixth, seventh and eighth counts is denied.
ROBERT A. FULLER, JUDGE.