[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE OBJECTION TO REQUEST TO REVISE (#111)
On April 14, 1992 the plaintiffs, Stuart Grossberg and Brenda Grossberg, filed at two-count amended complaint against defendants, Seaside Associates and Charles Miller. This was in response to the court's earlier ruling requiring the plaintiffs to revise paragraph 5 of the second count of their original complaint.
In the first count, the plaintiffs allege that the plaintiffs and defendants entered into a real estate sales agreement for the sale of a house and real property, and that this agreement required the defendants to install 1/2" plyscore on the house's subflooring. The plaintiffs allege that the defendants breached the agreement by failing to install the 1/2" plyscore.
In the second count of the amended complaint, the plaintiffs repeat the allegations of the first count, and allege that John and Suzanne Ciafalo (not parties to the present action) purchased a house and real property from the defendants pursuant to a contract which was similar to the plaintiffs' contract, and the Ciafalo's house is located in the same subdivision as the plaintiffs' house. The plaintiffs allege that the defendants failed to install 1/2" plyscore on subflooring in the Ciafalo's house, and that the defendants' conduct constitutes a violation of General Statutes 42-110a, et seq., Connecticut Unfair Trade Practices Act (hereinafter "CUTPA") in that defendants' actions were "wrongful, oppressive and caused substantial injury to consumers including plaintiffs."
On April 20, 1992 the defendants filed a request to revise, seeking the deletion of the allegations of the second count regarding the breach of the Ciafalo's contract. The grounds for the request are that the allegations are irrelevant and immaterial.
On April 21, 1992 the plaintiffs filed an objection to the request to revise.
"Whenever any party desires to obtain. . .the deletion of any unnecessary, . . .immaterial or otherwise improper allegations in an adverse party's pleading, . . .the party desiring any such amendment. . .may file a timely request to revise that pleading." CT Page 6134 Practice Book 147.
The defendants argue that since the allegations which they seek to have deleted refer to the breach of a contract with persons who are not parties to the action, the allegations are irrelevant and immaterial.
The plaintiffs argue that the allegations are relevant and material to the second count which alleges a violation of CUTPA.
General Statutes 42-110b(a) states that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." [Emphasis added.] General Statutes 42-110g(a) states that "[a]ny person who suffers any ascertainable loss . . . as a result of the use or employment of a method, act or practice . . . may bring an action . . . ." [Emphasis added.] The superior courts have split on the issue of whether the requirements of CUTPA are satisfied by a single instance of unfair or deceptive practice. See, e.g., Randsom v. Amerlink, Ltd., 3 CTLR 382 (March 19, 1991, Dranginis, J.) (Single unfair act is within scope of CUPTA.); Metpatch, Inc. v. IDS Corporation, 3 CTLR 349 (March 12, 1991, Aronson, J.) (Single unfair act is within scope of CUPTA); Duncan v. Burnside Motors, Inc., 2 CSCR 379 (February 26, 1987, O'Neill, J.) (More than a single occurrence is required in order to fall within the scope of CUPTA.); Koehm v. Kuhn, 41 Conn. Sup. 130, 139 (1989, Levine, S.T.R.) aff'd 18 Conn. App. 313, 557 A.2d 933 (1989) ("A single instance or even isolated instances of unfair practices do not warrant actions under CUPTA.")
The plaintiffs' allegations that the defendants breached their contract with the Ciafalos conforms with the holding in those cases that hold that more than a single unfair act must be shown to fall within the scope of CUPTA. Therefore, such allegations are material to the plaintiffs' second count.
Accordingly, the plaintiffs' objection to the Request to Revise is sustained.
John P. Maiocco, Judge