[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#131)
The present action is based on a claim brought by the plaintiffs, Middlesex Mutual Assurance Company (hereinafter "Middlesex Mutual") and Covenant Insurance Company (hereinafter "Covenant"), against the defendants, Travelers Insurance Company (hereinafter "Travelers") and Martin 
Rowland, Inc. (hereinafter "Martin Rowland"), an insurance agency. Ljatif Ramadani (hereinafter "Ramadani") operated a restaurant known as Portofino's Restaurant in New Fairfield, Connecticut. Ramadani's business had liability coverage under an insurance agreement with the defendant, Travelers, which Ramadani obtained through the defendant, Martin 
Rowland, Traveler's agent. CT Page 4498
On December 18, 1985, the Portofino's Restaurant suffered property damage as a result of a fire which originated in the restaurant. The fire caused property damage to neighboring businesses, including property of the plaintiffs' insureds. Bernard DiSarro and Louise DiSarro, the plaintiff Middlesex Mutual's insureds, subrogated any and all of their claims against Ramadani to Middlesex Mutual. Likewise, the Village Sports Center, plaintiff Covenant's insured, subrogated any and all of its claims against Ramadani to Covenant.
In January, 1988, the plaintiffs jointly filed a negligence action against Ramadani in which the plaintiffs were awarded a default judgment in the amount of $49,326.59. Middlesex Mutual Assurance Co. v. Ramadani, Superior Court, judicial district of Middlesex, Docket No. 050530 (June 3, 1988 and July 25, 1988). Travelers and Martin Rowland failed to indemnify Ramadani under the liability coverage provision of the Ramadani policy.
On November 8, 1990, after an assignment by Ramadani of his chose in action against Travelers and Martin Rowland to the plaintiffs, the plaintiffs brought the present action against the defendants for refusing to make any payments under the Ramadani policy in satisfaction of the court ordered judgment against the defendant's insured. On November 23, 1992, the plaintiffs filed their fourth revised and amended complaint. The plaintiffs' fourth revised and amended complaint includes seven counts. The first, second, third and sixth counts are directed against the defendant, Travelers. The fifth and seventh counts are directed against the defendants, Martin Rowland. The fourth count is directed against both defendants, Travelers and Martin Rowland. In the first count, the plaintiffs allege breach of contract, inter alia, as to Travelers. In the second count, the plaintiffs allege negligence and wanton and willful misconduct in failing to institute settlement negotiations, as to Travelers. In the third count, the plaintiffs allege a violation of the Connecticut Unfair Insurance Practices Act (CUIPA), pursuant to General Statutes Sec. 38-61, as to Travelers. In the fourth count, the plaintiffs allege an assignment to the plaintiff by Ramadani of all of his rights and interests against Travelers and Martin Rowland that he may have, or that he could enforce as against these defendants had he paid such court ordered judgment to the plaintiffs. In the fifth count, the CT Page 4499 plaintiffs allege that Martin Rowland negligently failed to notify Travelers on matters relating to Ramadani's claim of loss. In the sixth count, the plaintiffs allege a violation of the Connecticut Unfair Trade Practices Act (CUTPA), pursuant to General Statutes Secs. 42-110a, et seq., as to Travelers. In the seventh and final count, the plaintiffs allege a violation of CUTPA, as to Martin Rowland.
On December 18, 1992, the defendant, Martin 
Rowland, filed its timely motion to strike the fourth, fifth and seventh counts and the prayer for relief as it relates to these counts contained in the plaintiffs' fourth revised and amended complaint, pursuant to the Practice Book Sec. 152(1) and (2). On the same date, the defendant also filed its supporting memorandum of law. The defendant argues in its memorandum of law "that (1) Counts Four, Five and Seven should be stricken because the Plaintiffs have failed to properly allege assignment [of the Ramadani chose in action] and (2) Count Seven should be stricken because the Plaintiffs have failed to allege a general business practice as required by Section[s] 42-110b[,] et seq. (CUTPA)." (Court file, Item #131).
On December 28, 1992, the plaintiffs filed a motion for an extension of time to file their opposition to the defendant's motion to strike.
On January 11, 1993, on the same date the defendant's motion to strike was heard by the court at short calendar, the plaintiffs filed a fifth revised and amended complaint which was drafted in response to the defendant's motion to strike. At short calendar, the court denied the plaintiff's request for an extension of time to file an opposition to defendant's motion to strike. As of the writing of this memorandum, the plaintiffs have failed to file an opposing memorandum of law, as mandated by Practice Book Sec. 155. The defendant raised no objection to the plaintiffs not filing a memorandum of law in opposition.
 A motion to strike challenges the legal sufficiency of a pleading . . . [I]t admits all facts well pleaded; it does not admit legal conclusion or the truth or accuracy of opinions stated in the pleadings . . . The CT Page 4500 allegations of the pleadings involved are entitled to the same favorable construction a trier would be required to give in admitting evidence under them and if the facts provable under its allegations would support a defense or a cause of action, the motion to strike must fail.
(Citations omitted.) Mingachos v. CBS, Inc., 196 Conn. 91,108-109, 491 A.2d 368 (1985). Further, the court must construe the facts alleged in the pleadings, which is the subject of the motion to strike, most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170, 544 A.2d 1185 (1988). Practice Book Sec. 152 provides in relevant part that "[w]henever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or any one or more counts thereof, to state a claim upon which relief can be granted, or . . . the legal sufficiency of any prayer for relief . . ., that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book Sec. 155 requires that "[e]ach motion to strike . . . be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies." Practice Book Sec. 155 also states that "[i]f an adverse party objects to this motion he shall. . .file and serve in accordance with Sec. 120 a memorandum of law." The failure to file a timely opposing memorandum of law will not necessarily be fatal. Pepe v. New Britain, 203 Conn. 281, 287-288, 524 A.2d 629 (1987) (where the court held that a trial court has discretion to consider an untimely filed opposing memorandum of law in ruling on a motion to strike where the moving party fails to raise an objection); see Fitzpatrick v. East Hartford B.O.P. Elks,3 Conn. L. Rptr. 209, 210 (January 25, 1991, Clark, J.).
The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provisions of the Practice Book Sec. 155. See Pepe, supra. In the present case, the defendant has failed to raise an objection to the plaintiffs' failure to comply with the mandatory provisions of the Practice Book Sec. 155. Although the plaintiffs have failed to file an opposing CT Page 4501 memorandum of law, it is within the discretion of the court to entertain the merits of the motion to strike.
1. Whether the fourth, fifth and seventh counts of the plaintiffs' fourth revised and amended complaint should be stricken on the ground that the factual allegations in the counts are legally insufficient to state a claim upon which relief can be granted because the plaintiffs failed to allege an assignment of the chose in action as required under General Statutes Sec.52-118.
General Statutes Sec. 52-118 provides that "[t]he assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name. Such a plaintiff shall allege in his complaint that he is the actual bona fide owner of the chose in action, and set forth when and how he acquired title." "`The assignee and equitable and bone fide owner of any chose in action . . . may sue thereon in his own name; but he shall in his complaint allege that he is the actual bona fide owner thereof, and set forth when and how he acquired title thereto.'" Leventhal Furniture Co., Inc. v. Crescent Furniture Co., Inc., 121 Conn. 343, 345,194 A. 878 (1936).
In the present case, the defendant argues that the plaintiffs' action, as against this defendant, should be stricken on the ground that the plaintiffs failed to properly allege the assignment of Ramadani's chose in action. Although the plaintiffs allege an assignment of the Ramadani chose in action, they failed to comply with the provisions of General Statutes Sec. 52-118 which requires the plaintiffs to specifically allege when and how they acquired title to the Ramadani chose in action.
Therefore, the court grants the defendant's motion to strike the fourth, fifth and seventh counts and the prayer for relief as it relates to these counts of the plaintiffs' fourth revised and amended complaint on the ground that the factual allegations in the counts are legally insufficient to state a claim upon which relief can be granted because the plaintiffs failed to allege an assignment of the chose in action as required under General Statutes Sec. 52-118.
2. Whether the seventh count of the plaintiffs' fourth revised and amended complaint should be stricken on the ground that CT Page 4502 the plaintiffs' factual allegations in the seventh count fails to allege facts establishing a course of business practice pursuant to a claim under CUTPA.
General Statutes Sec. 42-110b(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes Sec. 42-110g(a) provides in part that
 Any person who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment of a method, act or practice prohibited by section 42-110b, may bring an action in the judicial district in which the plaintiff or defendant resides or has his principal place of business or is doing business, to recover actual damages.
General Statutes Sec. 42-110b(a) makes reference to the plural "unfair methods of competitIon and unfair or deceptive acts of Practices," and Sec. 42-110g(a), makes reference to the singular "method, act or practice." Due to the contradictions between these statutory provisions, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation. The Connecticut appellate courts have not ruled on this issue as of the writing of this memorandum. For a review of decisions which hold that an allegation of a single transaction is sufficient to bring a claim under CUTPA, see Levesque v. Kris Enterprises,4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp., 3 Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.). For a review of decisions which hold that an allegation of a single transaction is insufficient to bring a claim under CUTPA, see Koehm v. Kuhn, 41 Conn. Sup. 130, 139, 558 A.2d 1042 (1989, Levine, J.), aff'd on other grounds, 18 Conn. App. 313,557 A.2d 933 (1989); Duncan v. Burnside Motors, Inc., 2 CSCR 379
(February 26, 1987, O'Neill, J.).
The plaintiffs have failed to allege a course of business practice on the part of the defendant. The plaintiffs' claim arises from a single insurance agreement. Even though the plaintiffs allege several wrongful acts or omissions on the part of the defendant, the allegations are entirely based CT Page 4503 upon an isolated insurance agreement.
The court holds that an allegation of a single act or practice is insufficient to bring a claim under CUTPA, and grants the defendant's motion to strike the seventh count and the prayer for relief as it relates to this count of the plaintiffs' fourth revised and amended complaint on the ground that the factual allegations in the count are legally insufficient to state a claim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes Secs. 42-110a, et seq.
It is so ordered.
HIGGINS, J.