[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
A party may move to strike a case from the jury docket. Practice Book 282; see Franchi v. Farmholme, Inc., 191 Conn. 201,205, 464 A.2d 35 (1983); Falk v. Schuster, 171 Conn. 5, 7-8,368 A.2d 40 (1976). "If an adverse party objects to this motion he shall . . . file and serve . . . a memorandum of law." Practice Book 155. "The court has the discretion to address the merits of the motion despite a party's failure to file an opposing memorandum of law where the moving party fails to raise an objection to the opposing party's failure to comply with the mandatory filing provision of the Practice Book Sec. 155." Middlesex Mutual Assurance Company v. Travelers Insurance Co.,8 CSCR 555, 556 (May 6, 1993, Higgins, J.), citing Pepe v. New Britain, 203 Conn. 281, 287-88, 524 A.2d 629 (1987).
In its supporting memorandum of law, the plaintiff argues that a foreclosure action is an equitable action for which a jury is not available. The plaintiff argues further that if any of the issues raised in the defendants' special defenses are legal, they are incidental to the primarily equitable action.
A foreclosure action is an action in equity. Citicorp Mortgage, Inc. v. Burgos, 227 Conn. 116, 120, 629 A.2d 410
(1993); "Equitable actions . . . are not within the constitutional CT Page 9884 guarantee of trial by jury." Ford v. Blue Cross Blue Shield, Inc., 216 Conn. 40, 50, 578 A.2d 1054 (1990). "`[W]hen legal and equitable issues are combined in a single action, whether the right to a jury trial attached depends upon the relative importance of the two type of claims. . . .'" Motor Vehicle Manufacturers Association v. O'Neill, 212 Conn. 83, 92,561 A.2d 917 (1989), quoting Texaco v. Golart, 206 Conn. 454, 458-59,538 A.2d 1017 (1988). "`"Where incidental issues of fact are presented in an action essentially equitable, the court may determine them without a jury in the exercise of its equitable powers."'" (Citations omitted.) Texaco v. Golart, supra, 459. The defendant cannot change the equitable nature of the foreclosure action by raising special defenses which may involve some legal principles. See The Savings Bank of New London v. Santaniello, 130 Conn. 206, 211, 33 A.2d 126 (1943).
The plaintiff's motion to strike the case from the jury docket is granted.
SYLVESTER, J.