[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION TO STRIKE
By complaint filed March 16, 1993, the plaintiff, Michael J. Stula Agency, Inc. (hereinafter "Stula Agency"), seeks damages from the defendant, Tri Town Foods, Inc. (hereinafter "Tri Town"). In its complaint, the plaintiff CT Page 820 alleges the following facts. On or about June 27, 1988, the plaintiff issued to the defendant a Workers Compensation and Employers Liability Insurance Policy (hereinafter "Policy"). In accordance with the Policy, a final audit was performed and the premium was adjusted to reflect an experience modification, resulting in additional premiums owed. The Policy states that the premium shown on the information page is an estimate, subject to change upon audit and application of actual classification and rates. Despite demand therefore, the defendant has failed to pay the outstanding premium balance of $9,362.00 now due.
On August 18, 1993, the defendant filed an answer, special defense and a two-count counterclaim. As counts one and two of the defendant's counterclaim are indistinguishable, they will be dealt with as one. In its two-count counterclaim, the defendant alleges the following. On or about May, 1989, William Quinley, believed to be a principal and agent of Stula Agency, contacted Edward J. Sharr, Sr., president and chief operating officer of Tri Town for the purpose of soliciting Tri Town's insurance business. As an inducement for Tri Town to move its business, Mr. Quinley offered to write an insurance policy without applying the experience modification surcharge. Mr. Sharr requested a written offer and an offer was provided. Subsequently, Tri Town was billed for the experience modification. The defendant claims that the plaintiff's conduct constitutes a violation of the Connecticut Unfair Trade Practices Act (CUTPA).
On December 13, 1993, the plaintiff filed a motion to strike and an accompanying memorandum of law, arguing that because a single instance of alleged misconduct is insufficient to bring a claim under CUTPA, the defendant's counterclaim should be stricken.
On January 18, 1994, the defendant filed a memorandum of law in opposition to the plaintiff's motion to strike. In its memorandum, the defendant argues that CUTPA can apply to an allegation of a single transaction.
Pursuant to Practice Book 152, a motion to strike may be brought to test the legal sufficiency of a pleading. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185,621 A.2d 1322 (1993). A motion to strike is the proper vehicle to test the legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara CT Page 821 v. Indian Harbor Properties, 190 Conn. 528, 530, 461 A.2d 1369
(1981).
General Statutes 42-110b(a) provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes 42-110b(a) makes reference to the plural "unfair methods of competition and unfair or deceptive acts or practices," and General Statutes 42-110g(a) makes reference to the singular "method, act or practice." Due to this contradiction, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation. The Connecticut appellate courts have not yet ruled on this issue. Some courts hold that an allegation of a single transaction is sufficient to bring a claim under CUTPA. See, e.g., Levesque v. Kris Enterprises,4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp., Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.). Other courts hold that an allegation of a single transaction is insufficient to bring a claim under CUTPA. See, e.g., Koehm v. Kuhn, 41 Conn. Sup. 130, 139, 558 A.2d 1042 (1989, Levine, J.), aff'd on other grounds, 18 Conn. App. 313, 557 A.2d 933 (1989); Duncan v. Burnside Motors, Inc., 2 CSCR 379, 380 (February 26, 1987, O'Neill, J.).
CUTPA is a remedial statute and must be construed liberally in an effort to effectuate its public policy goals. Web Press Services Corporation v. New London Motors, Inc.,203 Conn. 342, 354, 525 A.2d 57 (1987). Those cases holding a single instance of alleged misconduct is sufficient to bring a claim under CUTPA are the better reasoned decisions. See, e.g., Levesque v. Kris Enterprises, supra. Accordingly, the plaintiff's motion to strike the defendant's counterclaim is denied.
Austin, J.