[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTIONS TO STRIKE
Facts
This is an action brought by the plaintiffs, Carla Ahlers and Richard Ahlers, against the defendants, Gennaro A. Russo, Jr., Adriana M. Russo (hereinafter the "Russos"), Boyer Agency, Inc. (hereinafter "Boyer"), and Peggy Amata (hereinafter "Amata"). Plaintiffs seek damages and costs resulting from defendants' alleged failure to disclose certain facts in conjunction with the sale of property located at Nos. 40A and 40B Portland Avenue, Old Lyme, Connecticut (hereinafter the "property"). Plaintiffs further allege that the conduct of defendants Boyer and Amata violates CUTPA. The Connecticut Unfair Trade Practices Act (hereinafter "CUTPA"). CT Page 4096
By two count amended complaint filed December 6, 1993, the plaintiffs allege the following facts. On February 19, 1989, the plaintiffs executed a real estate contract to purchase the property from the Russos. Defendant Boyer, a Connecticut corporation having an office and principal place of business in Old Lyme, Connecticut, is the real estate agency or broker responsible for the sale of the property. Defendant Amata is the individual agent or real estate salesperson who was involved in said transaction. Defendants Boyer and Amata represented to the plaintiffs that No. 40A Portland Avenue was a two-family dwelling in compliance with the applicable zoning regulations. No. 40A Portland Avenue, however, had been illegally converted into a two-family dwelling. Defendants Boyer and Amata knew or should have known that No. 40A Portland Avenue had been illegally converted into a two-family dwelling contrary to the applicable zoning regulations. Defendants Boyer and Amata had an affirmative duty to disclose the zoning restrictions and the illegal dwelling conversion to the plaintiffs.
In December of 1988, the Russos received a letter from Joseph M. Hart, a zoning enforcement official from the town of Old Lyme, advising the Russos that the premises at No. 40A Portland Avenue is a nonconforming dwelling limited to seasonal use and therefore cannot be legally occupied between November 15 and April 1. Defendants Boyer and Amata were aware of the Joseph Hart letter at all relevant times but did not disclose the seasonal use restriction to the plaintiffs.
On or about March 14, 1990, plaintiffs were informed that the town of Old Lyme did not approve two of the housing units on the property for year-round use or rental and that No. 40A Portland Avenue had been illegally converted into a two-family dwelling. Plaintiffs were induced by defendant Boyer's and defendant Amata's fraudulent and deliberate nondisclosure to enter into the contract to purchase the property. As a result of the aforementioned conduct of defendant Boyer and defendant Amata, plaintiffs have suffered the following: a loss of the fair market value of the property as the property is worth significantly less than the purchase price paid; a loss of rental income; and a monetary loss resulting from improvements made to the property that violated health and building codes and the applicable zoning regulations. On December 20, 1993, defendant Amata filed an answer, three special defenses, a counterclaim, and crossclaims. On January 24, 1994, defendant CT Page 4097 Boyer filed an answer, three special defenses, a counterclaim and crossclaims. Defendant Boyer's pleadings are essentially identical to those filed by defendant Amata on December 20, 1993.
On February 2, 1994, plaintiffs filed a motion to strike the first special defense and counterclaim of defendant Boyer. In support of their motion to strike, plaintiffs submitted a memorandum of law. On February 2, 1994, the plaintiffs filed a motion to strike the first special defense and counterclaim of defendant Amata. In support of their motion to strike, plaintiffs submitted a memorandum of law.
On February 9, 1994, defendant Amata filed a memorandum of law in opposition to the plaintiffs' motion to strike. On March 28, 1994, defendant Boyer filed an objection to the plaintiffs' motion to strike. In support thereof, Boyer adopted the memorandum of law filed by defendant Amata on February 9, 1994.
Because the pleadings filed by defendant Boyer and defendant Amata are identical, the court's analysis will be dispositive as to both plaintiffs' motions. Defendant Boyer and defendant Amata are hereinafter referred to as the "defendants".
Discussion
Pursuant to Practice Book 152, a motion to strike maybe brought to test the legal sufficiency of a pleading. Pratt v. Town of Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993). A motion to strike is properly used to contest the legal sufficiency of a counterclaim or answer including any special defense contained therein. Practice Book 152. In ruling on a motion to strike, the court must construe the counterclaim or special defense "in the manner most favorable to sustaining its legal sufficiency." Bouchard v. People's Bank, 219 Conn. 465, 471, 594 A.2d 1 (1991). If facts provable under the allegations would not support a special defense or counterclaim, the motion to strike must be granted. Alarm Applications Co. v. Simsbury Volunteer Fire Co.,179 Conn. 541, 545, 427 A.2d 822 (1980).
Defendants' first special defense alleges as follows: "As an agent of the disclosed principal(s), defendant Boyer CT Page 4098 Agency, Inc., a/k/a Boyer Real Estate Co. Inc., and/or Gennaro and Adriana Russo, Defendant Margaret Amata has no liability to the Plaintiffs."
Plaintiffs argue that an agent may be individually liable for torts committed by him even though the agent contends that such acts were committed on behalf of his principal. Defendants argue that defendant Amata could only incur liability from conduct constituting misrepresentation. Defendants further argue that since such a tort was not committed in this case, defendant Amata is not liable and the first special defense is properly stated.
"`Where . . . an agent . . . commits or participates in the commission of a tort, whether or not he acts on behalf of his principal . . . he is liable to third parties injured thereby.'" Maturo v. Gerard, 196 Conn. 584, 588, 494 A.2d 1199
(1985), quoting Scribner v. O'Brien, Inc., 169 Conn. 389, 404,363 A.2d 160 (1975). Plaintiffs allege that defendant Amata is liable for the tort of nondisclosure in failing to disclose certain facts they were under an affirmative duty to disclose. Because of these cases defendants' first special defense fails to show as a matter of law that the plaintiffs have no cause of action, plaintiffs' motion to strike defendants' first special defense is granted.
In their counterclaim, defendants allege the following facts. The property was conveyed to the plaintiffs subject to any ordinance, government act or regulation, public or private law, of the town of Old Lyme, Connecticut. Additionally, as previous owners of the property, plaintiffs knew or should have known of the property's seasonal use restriction. Defendants further allege that prior to the closing, Amata delivered the Joseph Hart letter to the plaintiffs. Defendants argue that the plaintiffs have violated CUTPA in that: "Plaintiffs' allegations in their Complaint are fraudulent, and in claiming damages from this Defendant, Plaintiffs' actions are immoral, unethical, oppressive and unscrupulous." Defendants seek damages, costs, and a special finding that the action brought by the plaintiffs was without merit pursuant to General Statutes 52-226a.
General Statutes 42-110b(a) provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or CT Page 4099 commerce." "`Trade' and `commerce' means the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." General Statutes42-110a(4).
In order to properly state a cause of action alleging a CUTPA violation, the plaintiff must allege, inter alia, that acts complained of were performed in a trade or business. Quimby v. Kimberly Clark Corp., 28 Conn. App. 660, 669,613 A.2d 838 (1992). The filing of a single law suit does not warrant an action under CUTPA. Koehm v. Kuhn, 41 Conn. Sup. 130,139, 558 A.2d 1042 (1987), aff'd, 18 Conn. App. 313,557 A.2d 933 (1989). In the present case, the unfair or deceptive act or practice alleged does not arise from the rental of real property, but rather from the plaintiffs' filing of this lawsuit. Defendants' have failed to allege facts which could sustain a cause of action alleging a violation of CUTPA. See id. The plaintiffs' motion to strike the defendants' counterclaim is granted.
Leuba, J.