[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Before the court is the defendant's motion to strike count two of the plaintiff's complaint alleging violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a, et seq.
 I. BACKGROUND
The plaintiff, Joyce Walk, filed her original complaint on September 6, 2000, count one alleging negligence and count two alleging a violation of CUTPA. On November 20, 2000, the court, Swords, J., struck count two. The plaintiff subsequently filed an amended complaint on January 2, 2001, realleging the CUTPA claim. The amended CUTPA claim alleges the following facts incorporated from count one.
The plaintiff owns a home in Kensington, Connecticut. The defendant is a home improvement contractor. The plaintiff obtained from the defendant an estimated cost to repair a drainage problem and make renovations in the basement of her home. The plaintiff paid the defendant a deposit in the amount of five thousand dollars. The defendant began the work, but failed to complete the repairs and renovations and left the job site. As a result of the defendant's allegedly unskillful and negligent workmanship, water leaked into the basement causing damage to the interior of the home and to the plaintiff's personal property. The plaintiff was required to hire additional contractors to remove the material installed by the defendant and correct the defendant's work. The defendant has failed to reimburse the plaintiff for her losses. Count two further alleges that the "actions of the defendant are immoral, unethical, oppressive and/or unscrupulous, causing loss and damage to the plaintiff'; (Amended Complaint, count two, ¶ 11); and "are part of a pattern of trade practices on the part of the defendant." (Amended Complaint, count two, ¶ 12.)
The defendant filed a motion to strike count two of the amended complaint on January 9, 2001, along with a supporting memorandum of law. The plaintiff filed a timely objection. This matter appeared on the short calendar on January 29, 2001. The court has reviewed the relevant CT Page 5705 pleadings and now issues this opinion.
 II. STANDARD OF REVIEW
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint . . . or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997). "The role of the trial court [in ruling on a motion to strike is] to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v. Middlesex Mutual Assurance Co.,242 Conn. 375, 378, 698 A.2d 859 (1997). The court must "take the facts to be those alleged in the complaint . . . and . . . construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v. Castiglia,253 Conn. 516, 522-23, 753 A.2d 927 (2000). "[I]f facts provable in the complaint would support a cause of action, the motion to strike must be denied. . . . Moreover . . . [w]hat is necessarily implied [in an allegation] need not be expressly alleged. . . . It is fundamental that in determining the sufficiency of a complaint challenged by a defendant's motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Citations omitted; internal quotation marks omitted.) Doe v. Yale University, 252 Conn. 641,667, 748 A.2d 834 (2000). "A motion to strike . . . does not admit legalconclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.)Faulkner v. United Technologies Corp., supra, 240 Conn. 588.
 III. DISCUSSION
The defendant moves to strike the plaintiff's CUTPA claim on the grounds that the plaintiff failed to allege facts sufficient to support a CUTPA claim and that a CUTPA claim can not be supported by a single act.
 A.
The defendant argues that the plaintiff alleges only a single act of misconduct by the defendant, which is insufficient to support a CUTPA claim. The plaintiff argues, however, that the allegations of the amended complaint demonstrate a pattern of trade practices sufficient to support the CUTPA claim. CT Page 5706
The plaintiff alleges only a single act of misconduct — failing to complete the necessary work and leaving the premises in a state of disrepair. Courts have held that an allegation of a single transaction is insufficient to support a claim of a violation of CUTPA. See, e.g.,Connecticut Natural Gas Corp. v. Yankee Gas, Superior Court, judicial district of New Britain, Docket No. 482269 (October 30, 1998, Graham,J.); Dalton v. Knell, Superior Court, judicial district of Middlesex, Docket No. 066422 (September 13, 1993, Higgins, J.); Koehm v. Kuhn,41 Conn. Sup. 130, 558 A.2d 1042 (1987), affirmed on other grounds,18 Conn. App. 313, 557 A.2d 933 (1989). However, "[t]he majority of Superior Court decisions have held that a litigant does not need to allege more than a single act of misconduct in order to bring an action under CUTPA." Roache v. Rogers, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 314114 (July 26, 1999, Skolnick,J.). See also Abrams v. Riding High Dude Ranch, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 345046 (February 5, 1998, Skolnick, J.); Four Beaches Condo v. W.C. Brescia Plumbing andHeating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (May 23, 1997, Licari, J.). This court finds most persuasive the reasoning of those cases that have determined that a CUTPA violation can be based upon a single act of misconduct.
The defendant relies on Koehm v. Kuhn, supra, 41 Conn. Sup. 130, to support its argument that a single act of misconduct is insufficient to support a CUTPA violation. The defendant's reliance on Koehm v. Kuhn is misplaced. "Koehm reaches [its] conclusion by relying on language in Meadv. Burns, 199 Conn. 651, [509 A.2d 11] (1986). However, Mead involved the Connecticut Unfair Insurance Practices Act (CUTPA) which specifically states that for unfair settlement practices to occur such practices must be committed with `such frequency as to indicate a general business practice.'" Four Beaches Condo v. W.C. Brescia Plumbing and Heating,Inc., supra, Superior Court, Docket No. 384124.
CUTPA, however, refers not only to the plural "unfair methods of competition and unfair or deceptive acts or practices;" General Statutes § 42-110b (a); but also to the singular "a method, act or practice." General Statutes § 42-110g (a). See also Four Beaches Condo v. W.C.Brescia Plumbing and Heating, Inc., supra, Superior Court, Docket No. 384124. "The language of these provisions allows a single unfair act to form the basis for a CUTPA claim. . . ." (Citation omitted.) Id. Moreover, "CUTPA is remedial in character . . . and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted.) Service Road Corp. v. Quinn,241 Conn. 630, 637, 698 A.2d 258 (1997). See also General Statutes §42-110b (d). Accordingly, the defendant's motion to strike on the ground CT Page 5707 that a CUTPA claim must allege more than a single act of misconduct is denied.
 B.
The defendant also argues that the plaintiff's claim is based on simple negligence, which most courts have held to be insufficient to support a CUTPA claim. In the alternative, the defendant argues that those courts that have allowed a CUTPA claim based on negligence do so only if the plaintiff's allegations meet all three prongs of the "cigarette rule." The plaintiff argues to the contrary that the claim includes sufficient factual allegations to rise to a level above simple negligence and support a CUTPA claim. CUTPA was enacted to protect the public from unfair trade or commercial practices. See Thames River Recycling, Inc.v. Gallo, 50 Conn. App. 767, 794-95, 720 A.2d 242 (1998). Section 42-110b
(a) provides that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." "In determining when a practice is unfair, [the Supreme Court has] adopted the criteria set out in the "cigarette rule' by the federal trade commission: . . . (1) [W]hether the practice . . . offends public policy as it has been established by statutes, the common law, or otherwise — whether, in other words, it is within at least the penumbra of some common law, statutory, or other established concept of unfairness; (2) whether it is immoral, unethical, oppressive, or unscrupulous; (3) whether it causes substantial injury to consumers [(competitors or other businessmen)]." (Internal quotation marks omitted.) A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215,579 A.2d 69 (1990). "A practice may be unfair because of the degree to which it meets one of the criteria or because to a lesser extent it meets all three." (Internal quotation marks omitted.) Hartford Electric SupplyCo. v. Allen-Bradley Co., 250 Conn. 334, 368, 736 A.2d 824 (1999).
The Connecticut Supreme Court has not resolved the issue of whether a negligence action can be the sole basis of a CUTPA violation.[1] SeeHaynes v. Yale-New Haven Hospital, 243 Conn. 17, 34, 699 A.2d 964
(1997). Therefore, the court must evaluate the present case by the criteria of the "cigarette rule."
The first prong of the "cigarette rule" requires a finding that the defendant's action "offends public policy as it has been established by statutes, the common law, or otherwise." A-G Foods, Inc. v. PepperidgeFarm, Inc., supra, 216 Conn. 215. Examining the plaintiff's amended complaint with regard to the first prong, the plaintiff alleges that the defendant's actions constitute common law negligence. Although the plaintiff's allegations appear to meet the criteria of the first prong, the Connecticut Supreme Court has held that "the first prong [of the CT Page 5708 cigarette rule], standing alone, is insufficient to support a CUTPA violation, at least when the underlying claim is grounded solely in negligence."[2] A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200,217, 579 A.2d 69 (1990).
The second prong of the rule requires a finding of "immoral, unethical, oppressive, or unscrupulous" conduct. A-G Foods, Inc. v.Pepperidge Farm, Inc., supra, 216 Conn. 215. Although the plaintiff alleges that the "actions of the defendant are immoral, unethical, oppressive and/or unscrupulous, causing loss and damage to the plaintiff'; (amended complaint, count two, ¶ 11); that allegation is a mere legal conclusion, insufficient to overcome a motion to strike. SeeFaulkner v. United Technologies Corp., supra, 240 Conn. 588. The plaintiff also alleges, however, that the defendant did not complete the project and left the job site; (see Amended Complaint, count two, ¶ 6); that the workmanship was negligent and unskilled; (see Amended Complaint, count two, ¶ 7); that, as a result, the basement suffered water damage; (see Amended Complaint, count two, ¶ 7); and that the plaintiff was forced to hire other contractors to complete the project. (See Amended Complaint, count two, ¶ 8.) While the court finds that simple negligence is generally not indicative of "immoral, unethical, oppressive, or unscrupulous" conduct, as required by CUTPA, in the present case the plaintiff has alleged that the defendant undertook to perform the necessary repairs, accepted a deposit, failed to complete the work and left the job site, resulting in damages.
CUTPA does not utilize the term "unethical." As noted above, it is the "cigarette rule" which uses the term. Where a statute does not provide a definition, "commonly approved usage" is to be applied. General Statutes § 1-1 (a); State v. Hodge, 248 Conn. 207, 263, cert. denied, ___ U.S. ___, 120 S.Ct. 409, 145 L.Ed.2d 319 (1999). To ascertain such meaning, "it is appropriate to look to the dictionary definition of the term." In re Darlene C., 247 Conn. 1, 12 n. 29 (1998). Webster's Third New International Dictionary (Webster's) has been cited by the Supreme Court as a source for such definitions. Id., 247 Conn. 12. Black's Law Dictionary also has been cited with approval. See State v. Pare,253 Conn. 611, 628, A.2d (2000). Webster's defines "unethical" as "not conforming to approved standards of behavior, a socially accepted code, or professionally endorsed principles and practices." "Unethical" is also defined as "not in conformity with moral norms or standards of professional conduct." Black's Law Dictionary. Pocket Edition, 1996. The court finds that the plaintiff's allegations, examined in a light most favorable to the plaintiff, see Dodd v. Middlesex Mutual Assurance Co.,
supra, 242 Conn. 375, fit within the definition of "unethical." It would be unreasonable to find that the standards of professional conduct among home improvement contractors endorse the conduct alleged by the CT Page 5709 plaintiff. Accordingly, the court finds the allegations minimally meet the second prong.
The third prong requires a finding of "substantial injury to consumers, [competitors or other businessmen]." A-G Foods, Inc. v.Pepperidge Farm, Inc., supra, 216 Conn. 215. "In discussing the third criterion, the federal trade commission has stated: The independent nature of the consumer injury criterion does not mean that every consumer injury is legally "unfair," however. To justify a finding of unfairness the injury must satisfy three tests. It must be substantial; it must not be outweighed by any countervailing benefits to consumers or competition that the practice produces; and it must be an injury that consumers themselves could not reasonably have avoided." (Emphasis omitted; internal quotation marks omitted.) Id., 216. The plaintiff alleges a substantial injury. The court can find no countervailing benefits to consumers or competition in the conduct alleged in the present matter. The plaintiff could not reasonably have avoided her damages, in fact, she alleges that she attempted to alleviate her damages by hiring other contractors to repair the damage done by the defendant and complete the project. (Amended Complaint, count two, ¶ 8.) Accordingly, the court finds that the plaintiff's allegations meet the third prong of the "cigarette rule."
While the plaintiff's allegations may not satisfy any one prong of the cigarette rule to an extent sufficient to independently support a CUTPA violation, "[a] practice may be unfair because . . . to a lesser extent it meets all three." (Internal quotation marks omitted.) HartfordElectric Supply Co. v. Allen-Bradley Co., 250 Conn. 334, 368, 736 A.2d 824
(1999). The court has concluded that the plaintiff's allegations meet each of the three prongs of the "cigarette rule." Accordingly, the court finds that the plaintiff has sufficiently alleged a CUTPA violation. Therefore, the defendant's motion to strike is denied.
 IV. CONCLUSION
The defendant's motion to strike the plaintiff's CUTPA claim is, hereby, denied. It is so ordered.
BY THE COURT
ROBERT B. SHAPIRO JUDGE OF THE SUPERIOR COURT