[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION(S) TO STRIKE
In the plaintiff's revised complaint filed May 12, 1993, he alleges that he hired defendant Raudat to remodel and renovate his house, and hired defendant Knell to supervise and manage such remodeling and renovation. The allegations pertinent to the motion presently before the court claim, in separate counts, that both were negligent, and that their actions in this transaction constituted a violation of CUTPA. Both defendants have now filed separate motions to strike the negligence counts on the ground that they are barred by the appropriate statute of limitations, and the CUTPA claims on the ground, inter alia, that a single act or transaction cannot form the basis of a CUTPA claim.
Raudat's motion to strike is denied in its entirety. He has already filed an answer to plaintiff's complaint, and he cannot now be heard to complain that it states a claim which is legally insufficient. Practice Book Secs. 112 and 113.
Knell moves to strike the tenth count, alleging negligence, on the ground that the statute of limitations bars the action. "A claim CT Page 7955-H that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Forbes v. Ballaro, 31 Conn. App. 235, 239 (1993). There exists only two situations wherein a motion to strike may be used to claim an action is barred by the applicable statute of limitations. The first is where the "parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the Statute of Limitations . . . ." (Citation omitted.) Id. The second is where the statute creates a cause of action that did not exist at common law and contains within it the applicable time period, i.e., our wrongful death statute. Id. 239-240. This exception obviously does not apply in the instant case.
The first exception is likewise unavailable to the defendant, for the simple fact that the plaintiff does not agree that the complaint contains all the pertinent facts, as evidenced by his memorandum in opposition to Knell's motion to strike. Furthermore, the applicable statute here does not simply provide for a two year period as Knell claims. It provides that an action must be brought "within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been CT Page 7955-I discovered," but that in any event no action may be brought "more than three years from the date of the act or omission complained of." General Statutes Sec. 52-584. Plaintiff argues that, in the exercise of reasonable care, he did not discover the injury until the fall of 1991, and that Knell was not fired until September of 1990. This claim, if later proved true, would make plaintiff's negligence action filed in May 1993 timely as it was within two years of the discovery of the injury and within three years of the act or omission complained of. Plaintiff's argument amply demonstrates why all the necessary facts are not agreed upon and why Knell's motion to strike is inappropriate in this case.
Knell also seeks to strike the eighth count of the complaint, claiming it does not sufficiently state a claim under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes Secs.42-110a et seq. Knell argues that plaintiff has only alleged a single act on his part and that a single act cannot be the basis of a CUTPA claim. He also argues that plaintiff has not, in any event, sufficiently pled a CUTPA cause of action. Plaintiff claims that a single act can constitute a CUTPA violation and that he has pled a sufficient claim. CT Page 7955-J
Although a majority of Superior Courts have concluded that a single act can violate CUTPA; see Rose Hill Associates v. St. Vincent DePaul Society, 5 Conn. L. Rptr. 497 (January 24, 1992, Langenbach, J.) and cases cited therein; this court is of the opinion that a single act cannot violate CUTPA. See, e.g., Koehm v. Kuhn, 41 Conn. Sup. 130, 139 (1989, Levine, STR), aff'd,18 Conn. App. 313 (1989) ("[a] single instance or even isolated instances of unfair practices do not warrant actions under CUTPA."); Duncan v. Burnside Motors, Inc., 2 CSCR 379, 380
(February 26, 1987, O'Neill, J.) ("[a]ll of these definitions make clear that the legislature was not considering an isolated event" when it enacted CUTPA). The motion to strike is therefore granted as a single act is an insufficient basis for a CUTPA claim.
Even if the plaintiff has alleged more than a single act, the motion to strike should still be granted. A fair reading of the CUTPA claim indicates that it is based on either a simple breach of contract, or simple negligence, on Knell's part.
Many Superior Courts have decided that an allegation of CT Page 7955-K breach of contract is insufficient in and of itself to support a CUTPA claim. Emlee Equipment Leasing Corp. v. Waterbury Transmission, Inc., 41 Conn. Sup. 575, 580 (1991, Blue, J.); LoMonte v. Rice, 3 Conn. L. Rptr. 189 (January 30, 1991, Aaronson, J.): Antonio v. Kaismann, 3 Conn. L. Rptr. 33 (December 11, 1990, Ryan, J.); Aussenhandel v. Grant Airmass Corp.,2 Conn. L. Rptr. 590 (October 17, 1990, Lewis, J.). Because plaintiff's allegations of breach of contract do not provide the support for his CUTPA claim, the motion to strike is granted.
Additionally, simple acts of negligence cannot form the basis of a CUTPA claim. See, e.g., Ballard v. Marci, 8 CSCR 15
(November 9, 1992, Fuller, J.); Sipperly v. Burger King Corp., Superior Court, Judicial District of New London at Norwich, Docket No. 094746 (March 17, 1992, Hurley, J.). Cf. A-G Foods, Inc. v. Pepperidge Farm, Inc., 216 Conn. 200, 215-17 (1990). To the extent, therefore, the plaintiff's CUTPA claim is grounded in simple negligence, it is stricken.
Thus, Raudat's motion to strike is denied in it entirety as it was untimely filed. Knell's motion to strike based on the statute of CT Page 7955-L limitations defense is denied a improper; he should state such as a special defense. Knell's motion to strike the CUTPA claim, however, is granted. A single act is insufficient to support a CUTPA claim. In any event, plaintiff's CUTPA claim is based on either simple negligence or breach of contract, neither of which is a proper basis for an action under CUTPA.
It is so ordered.
Higgins, J.