[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
Issue
Whether the defendants' motion to strike count two of the plaintiffs' second amended complaint should be granted.
Facts
By a three count second amended complaint filed December 2, 1993, the plaintiffs, Karen Spakowski and Paul Spakowski, commenced this negligence action against the defendants, Charter Oak Walk-In Medical Center, P.C. ("Charter Oak"), Richard C. Albrecht, M.D. ("Albrecht"), and Charles L. Carr, D.O. ("Carr"). The plaintiffs allege the following facts.
Charter Oak operates a walk-in style medical clinic and holds itself out to the public as being fully able to care for a wide range of illnesses, emergency conditions, diseases, and injuries. Defendant Albrecht is a licensed physician in the state of Connecticut who holds himself out to the public as a general practitioner. Defendant Carr is a licensed doctor of osteopathy in the state of Connecticut who holds himself out to the public as having a family practice.
On or about May 27, 1991, Karen Spakowski first came under the care and treatment of the defendants. While under the care and treatment of the defendants, Karen Spakowski suffered a perforated, ruptured appendix with a resulting abscess which required emergency surgery. The perforation and rupture of Karen Spakowski's appendix and resulting abscess were caused by the failure of the defendants to exercise reasonable care under all of the circumstances then and there present. CT Page 6053
In count two of the plaintiffs' amended complaint, the plaintiffs allege, inter alia, that the defendant Charter Oak has violated CUTPA, General Statutes § 42-110a(4), in that: defendant Charter Oak holds itself out as a medical center which is able to provide triage care equivalent to the diagnostic capabilities available in hospital emergency rooms employing Board Certified emergency room physicians; defendant Charter Oak failed to warn, advise or reveal the limited nature of the medical care which the defendant is able to provide; and that defendant Charter Oak failed to warn or advise Karen Spakowski of the necessity of promptly seeking a competent and qualified medical diagnosis of the her condition from a hospital emergency room or from a specialist. A a result of the defendant Charter Oak's unfair and deceptive trade practices, the plaintiffs have suffered actual damages.
On December 30, 1993, the defendants filed a motion to strike count two of the plaintiffs' second amended complaint and an accompanying memorandum of law.
The defendants argue that count two of the plaintiffs' second amended complaint is legally insufficient for the following reasons: (1) a claim of negligence does establish a violation of CUTPA; (2) an allegation of a single unfair or deceptive act cannot establish a violation of CUTPA; and (3) plaintiffs have failed to allege the necessary elements of a claim under CUTPA.
The plaintiffs argue that count two of the plaintiffs' second amended complaint is legally sufficient because a single act or transaction is sufficient to state a claim under CUTPA and the facts as alleged state a legally sufficient cause of action under CUTPA.
On January 25, 1994, the plaintiffs filed a memorandum of law in opposition to the defendants' motion to strike count two of the plaintiffs' second amended complaint.
Discussion
Pursuant to Practice Book § 152, a motion to strike maybe brought to test the legal sufficiency of a pleading. Pratt v.Town of Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322
(1993). A motion to strike is the proper vehicle to test the CT Page 6054 legal sufficiency of a CUTPA claim. Ivey, Barnum O'Mara v.Indian Harbor Properties, 190 Conn. 528, 530, 461 A.2d 1369
(1981).
General Statutes § 42-110b(a) provides that "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110b(a) makes reference to the plural "unfair methods of competition and unfair or deceptive acts or practices," and General Statutes § 42-110g(a) makes reference to the singular "method, act or practice." Due to this contradiction, there is a split of authority at the superior court level as to whether a single act can constitute a CUTPA violation. The Connecticut appellate courts have not yet ruled on this issue.
Courts have held that an allegation of a single transaction is insufficient to bring a claim under CUTPA. See, e.g., Dalton v. Knell, 8 CSCR 1068 (September 13, 1993, Higgins, J.); Laks v. Metropolitan Property and CasualtyInsurance Company, 8 Conn. L. Rptr. 32 (December 3, 1992, Flynn, J.) (there is no cause of action under CUTPA based on a single act of misconduct by an insurer); Koehm v. Kuhn,41 Conn. Sup. 130, 139, 558 A.2d 1042 (1989, Levine, J.), aff'd on other grounds, 18 Conn. App. 313, 557 A.2d 933 (1989) ("[a], single instance or even isolated instances of unfair practices do not warrant actions under CUTPA."); Duncan v. BurnsideMotors, Inc., 2 CSCR 379, 380 (February 26, 1987, O'Neill, J.) ("legislature was not considering an isolated event to allow `civilian attorneys general' to act to correct some business vice.")
Other courts hold that an allegation of a single transaction is sufficient to bring a claim under CUTPA. See, e.g., Levesque v. Kris Enterprises, 4 Conn. L. Rptr. 86 (May 20, 1991, Susco, J.); Metpath, Inc. v. IDS Corp. ,3 Conn. L. Rptr. 349 (March 12, 1991, Aronson, J.).
This court is persuaded by the those cases holding that a single instance of alleged misconduct is insufficient to bring a claim under CUTPA. See, e.g., Laks v. Metropolitanproperty and Casualty Insurance Company, supra, citing Mead v.Burns, 199 Conn. 651, 666, 509 A.2d 11 (1986) ("Some `general course of conduct' must be pled and proved."). Accordingly, because this court holds that an allegation of a single CT Page 6055 transaction is insufficient to bring a claim under CUTPA, the' defendants' motion to strike count two of the plaintiffs' second amended complaint is hereby granted.
The court also finds that a mere negligent act does not support a CUTPA claim. Furthermore, the plaintiffs have failed to allege the necessary elements of a claim under CUTPA: that the defendants' acts (1) offend public policy, (2) were immoral, unethical, oppressive, or unscrupulous, and (3) caused substantial injury to consumers.
For all the foregoing reasons the motion to strike is granted.