[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this case the complaint alleges that the plaintiff was discovered by the police while he was "attempting to commit suicide" The defendant ambulance service was summoned The first count is in negligence and claims that while the plaintiff was being transported to a hospital through the negligence of the ambulance service employees "he was allowed to fall out of the moving ambulance onto the highway" and thereby sustained injuries and losses. The second count repeats these factual allegations of the First count but then alleges that after the defendant's fall the defendant's employees "willfully and intentionally failed and refused to further transport the plaintiff to a medical treatment facility, despite his then and there existing dire medical condition, now aggravated by the plaintiff's body and head striking the highway pavement from the defendant's moving ambulance" (second count, paragraph 6). In the seventh paragraph CT Page 8795 the complaint goes on to say "said occurrence and the consequent injuries and losses of the plaintiff as aforesaid were due to the willful, wanton, and reckless misconduct of the defendant" and its agents and employees.
The Third count repeats all of these factual allegations and claims a CUPTA violation and a violation of the common law of this state.
The defendant ambulance service has filed a motion to strike the second and third counts.
A motion to strike is the means to test the legal sufficiency of a pleading; it admits all facts well-pleaded but does not admit legal conclusions, Mingachos v. CBS Inc., 196 Conn. 91, 108
(1985). On the other hand in deciding these motions facts alleged in the complaint are to be construed in a way that is most favorable to the non movant, here the plaintiff, Drazen v.Drazen, 180 Conn. 572, 575 (1980).
1.
The defendant argues that the factual allegations of the second count are not legally sufficient to set out a cause of action for recklessness. It is of course true that merely "using the word `reckless' or `recklessness' is not enough." Dumond v.Denehy, 145 Conn. 88, 91 (1958), cf Brown v. Branford, 12 Conn. App. 106,110 (1987). Reckless misconduct has been defined as "outrageous"; Kowal v. Hofher, 181 Conn. 355 361 (1980); it has been categorized as wanton and marked by a reckless disregard for the just rights or safety of others or of the consequences of action id at 362. An actor must know or have reason to know of facts which would lead a reasonable person to realize not only that his conduct creates an unreasonable risk of physical harm to another but also that such risk is substantially greater than that which is necessary to make the conduct negligent, Restatement of Torts, Second § 500, cf Banasiewicz et al v.Town of Griswold, 6 CSCR 1061, 1062 (1991). A plaintiff must set forth the specific factual allegations on which the reckless count is based, see Drumond v. Denehy supra, see generallyConnecticut Law of Torts Wright, Fitzgerald, Ankerman § 61 pp 157-159.
The thrust of the defendant's position is that the Second count sets forth allegations which "are the same as many of the CT Page 8796 allegations in the First count which sounds in negligence with the exception that the plaintiff has characterized the conduct of the defendant as reckless." Then the defendant refers to much of the general case law just cited, particularly Banasiewicz.
The point is however that the plaintiff does set forth a specific factual allegation in paragraph 6 of the second count which goes beyond those allegations made in the first count. He says that despite the fact that he fell out of the ambulance on the roadway striking his body and head the employees of the defendant "willfully and intentionally failed and refused to further transport" the plaintiff to a medical treatment facility. The head injuries referred to in the first count which are incorporated in paragraph 8 of the second count allegedly include multiple head fractures and an "acute contusion" to the brain. He also allegedly suffered injury to his face and mouth and contusions and abrasions to various parts of the body. Serious injuries it would seem are alleged — not surprising for someone who has fallen out of a moving vehicle onto a road. Taken these allegations at face value it would certainly seem wanton and reckless if not "outrageous" conduct for trained medical personnel not to transport someone receiving such injuries to a medical facility.
That these allegations may be disproved is not the point. That any medical attention that might have been given at the scene may have obviated the need to bring the plaintiff to a medical treatment facility is not the point either, (cf Dubay v.Irish, 207 Conn. at page 533 (delay in treatment issue specifically discussed). The point is that the factual allegations must be given a reading most favorable to the plaintiff here and what may later happen by way of defense at trial or what even may be before the court on a summary judgment motion have no bearing on how this motion to strike should be treated. The motion to strike the second count alleging recklessness is denied.
2.
The defendant also seeks to strike the CUPTA claim set forth in the third count. The third count repeats the factual allegations of the second count and makes a CUPTA claim based on these allegations.
The defendant first refers to the so-called federal CT Page 8797 "cigarette rule" which our courts have adopted as a test for CUPTA violations, A.G. Foods, Inc. v. Pepperidge Farm Inc.,216 Conn. 200, 215 (1990). The defendant then cites this same case for the proposition that the first prong of the so-called cigarette rule "standing alone, is insufficient to support a CUPTA violation at least when the underlying claim is grounded solely in negligence" id at page 217. Several cases have followed this language Robertson v. Stop Shop Supermarkets,8 CSCR 888 (1993), Dalton v. Krell, 8 CSCR 1068 (1993), Ballard v.Mara, 8 CSCR 15 (1992).
The court has held that the complaint in the second count does properly set forth a reckless claim so that when the third count refers to the preceding count for its factual basis, it is not grounding the CUPTA claim on an act of negligence. Although a motion to strike a CUPTA claim may be appropriate where an isolated act of negligence forms the basis of the claim, this court cannot say such a motion is appropriate where intentional or reckless conduct is alleged. Leaving aside a claim of mere negligence it is certainly true that neither our courts or the FTC require that all three criteria of the cigarette rule need to be satisfied to support a finding of unfairness, AtlanticRichfield Co. v. Canaan Oil Co., 202 Conn. 234, 242 (1987),McLaughlin Ford Inc. v. Ford Motor Co., 192 Conn. 558, 569 N. 15 (1984) and reckless conduct may here involve a violation of other prongs of the cigarette rule also. In 1980 the FTC reviewed the factors set forth in the cigarette rule and concluded that "unjustified consumer injury is the primary focus of the F.T.C. Act and the most important of the three . . . criteria", D. Rice "Consumer Unfairness at the FTC: Misadventures in Law and Economics" 52 Geo. Was. L Rev. 1, 4 (1980). A the court inAtlantic Richfield said "unjustified injury" may reasonably be seen as flowing from conduct that is "immoral, unethical, oppressive, and unscrupulous" 202 Conn. at p. 243. Given the factual allegations of the complaint the plaintiff has set fort a CUPTA claim. Or, put another way, given the allegation of recklessness not mere negligence, the question of a CUPTA violation is now too fact embedded to be amenable to motion to strike procedure. Admittedly the plaintiff could have laid out more precisely the connection between the reckless conduct allegation and the CUPTA violation. He really is pleading legal effect — there was recklessness therefore there's a CUPTA violation. But a party "may plead legal effect as long as the pleading fairly (apprises) the adverse party of the state of facts which it is intended to prove." D'Ulisse Cupo v. Board ofCT Page 8798Directors of Notre Dame High School, 202 Conn. 206, 220 (1987).
The motion to strike the third count is denied. The court need not address the question of the common law action for unfair and deceptive trade practices purportedly made in this count in light of its ruling on the CUPTA claim.
Corradino, J.