[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 23, 1994, the plaintiff, Peter Gural, filed a three count complaint against the defendant, Darlene R. Fazzino, seeking compensatory, punitive and exemplary damages and interest. The three counts of the complaint allege breach of contract, fraudulent misrepresentation and unjust enrichment, respectively. At trial, in response to all oral motion by the defendant's counsel, the court dismissed the second count of the complaint.
Beginning in November of 1986 until late in 1991 the plaintiff and the defendant cohabitated as live-in lovers at the defendant's residence at 29 Penny Corner, Portland, Connecticut. During these years of cohabitation, the plaintiff, a licensed home improvement contractor, made extensive improvements to the defendant's home. The cost of these improvements for which there is no written contract between the parties was approximately $52,000.00, not including the cost of the plaintiff's personal labor.
Following the demise of the relationship between the parties, the plaintiff brought the present suit to recover the cost of the improvements to the defendant's home, allegedly performed in reliance on an alleged mutual promise that the parties would live together forever. The first count of the plaintiff's complaint alleges a breach of a promise to live together forever. This claim appears to be similar to either a cause of action arising CT Page 3343 from a breach of a promise to marry or, more accurately, from alienation of affections. The Heart Balm Act, General Statutes § 52-572b,[1] abolishes causes of action arising from alienation of affections or from breach of a promise to marry. An exception to the Heart Balm Act allows common law principles to govern actions for the return of property allegedly transferred in reliance on fraudulent representations. Piccininni v. Hayes,180 Conn. 369, 370, 429 A.2d 886 (1980). Nevertheless, since the plaintiff's second count alleging fraudulent misrepresentation has been dismissed by this court, the plaintiff's claims arising from an alleged breach of a promise to live together forever is barred by the operation of the Heart Balm Act.
This case, involving a relationship between contractor and homeowner in which improvements were made on the home in which both parties reside, presents a case of first impression under the Home Improvement Act. The Connecticut Supreme Court has ruled that "`[t]he courts should enforce express contracts between nonmarital partners except to the extent that the contract is explicitly founded on the consideration of meretricious sexual services. . . . In the absence of an express contract, the courts should inquire into the conduct of the parties to determine whether that conduct demonstrates an implied contract, agreement of partnership or joint venture, or some other tacit understanding between the parties. The courts may also employ the doctrine of quantum meruit, or equitable remedies such as constructive or resulting trusts, when warranted by the facts of the case.'" Boland v. Catalano, 202 Conn. 333, 340-41,521 A.2d 142 (1987), quoting Marvin v. Marvin, 18 Cal.3d 660, 683,557 P.2d 106, 134 Cal.Rptr. 815 (1976). "[A] contract, express or implied, or some other tacit understanding between persons who are not married to one another which does not rely upon their sexual behavior is enforceable in the courts of this state."Burns v. Koellmer, 11 Conn. App. 375, 381, 527 A.2d 1210 (1987). Thus, if a contract, not based on sexual services, is found to exist between the parties, this court would have the power to enforce that contract.
Nevertheless, the Home Improvement Act has been consistently interpreted by our Supreme Court to bar a contractor from recovery under every imaginable legal theory where a written contract either does not exist or fails to conform to the requirements of the Home Improvement Act. This court cannot ignore the existence of this act, relevant provisions of which have a direct impact on the outcome of this case.[2]
CT Page 3344
The legislative history of the Home Improvement Act reveals that the purpose of the Act "is to provide minimal . . . safeguards for the consumer who contracts for home improvement work to be done on or in the home." Caulkins v. Petrillo,200 Conn. 713, 719, 513 A.2d 43 (1986), quoting 22 H.R. Proc., Pt. 33, 1979 Sess., p. 11, 613, remarks of Representative William P. Candelori. "[I]f recovery is permitted despite the fact that the underlying home improvement contract is invalid, a contractor could unilaterally expand the scope of the project beyond the contemplation of the invalid agreement, without the homeowner's consent and recover for the unwanted work. . . . The remedial purpose of [§] 20-429 would be placed in even greater jeopardy if a contractor could recover by merely demonstrating that services had been rendered, without even alleging that there was some sort of agreement for the work." Barrett Builders v.Miller, 215 Conn. 316, 325, 576 A.2d 455 (1990). "[I]f a home improvement contractor could, without a written contract, perform certain work and then allege an oral agreement for precisely the same work alleged to have been fully performed, the purpose and clear intent of [§] 20-429 would be thwarted." Caulkins v.Petrillo, supra, 200 Conn. 720.
The plain language of the act also supports its stringent application. "It is a fundamental principle of statutory construction that statutes are to be construed so that they carry out the intent of the legislature. . . . It has often been said that the legislative intent is to be found not in what the legislature meant to say, but in the meaning of what it did say. . . . Where the language used is clear and unambiguous, we will not speculate as to some supposed intention." (Citations omitted; internal quotation marks omitted.) Caulkins v. Petrillo,
supra, 200 Conn. 716-17. "The language of [§] 20-429 (a) is clear and unambiguous: `No home improvement contract shall be valid unless it is in writing . . .' The use of the word `no' in the statute is self-explanatory. The use of the word `shall' by the legislature connotes that the performance of the statutory requirements is mandatory rather than permissive." Id., 717. "Read literally, then, it is clear that the plain language of the statute does not provide an exception to the requirement that home improvement contracts be in writing." Id., 717-18.
With this clear language before them and with this purpose in mind, our Supreme Court, in a series of cases decided in 1990, held that "defective home improvement contracts are unenforceable CT Page 3345 under almost every imaginable theory of recovery. See BarrettBuilders v. Miller, 215 Conn. 316, 576 A.2d 455 (1990) (quasi contract); A. Secondino Son, Inc. v. LoRicco, 215 Conn. 336,576 A.2d 464 (1990) (quantum meruit and unjust enrichment);Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 576 A.2d 149
(1990) (implied contract)." Wadia Enterprises, Inc. v.Hirschfeld, 27 Conn. App. 162, 167, 604 A.2d 1339 (1992). "It is interesting to note that the legislature has chosen not to revise the act following this court's interpretation of it in 1990. Despite the majority's recognition. . . . of the bad faith exception, and an invitation to address certain issues, as well as the `harsh results' as labelled by the dissent, no legislative action has been taken. The absence of any such legislative reaction to the Barrett Builders line of cases is noteworthy. Where this court interprets a statute and the legislature fails to take action to change that interpretation, it raises the presumption that the legislature has acquiesced in that interpretation." (Citation omitted.) Habetz v. Condon, 224 Conn. 231,239 n. 12, 618 A.2d 501 (1992).
In view of the remedial purpose of the Home Improvement Act and its strict interpretation by our Supreme Court, this court reluctantly declines to carve out an exception to the requirements of the Home Improvement Act for the unique facts of this case. Whether intra-family or quasi-family relationships and activities should trigger the established, strict construction of this statute is a matter of legislative concern and not properly within the scope of the trial-court-statute-construction-engineering. The plaintiff is a home improvement contractor as defined by the Home Improvement Act[3] and is, consequently, subject to its provisions. He performed home improvements on a home in which he resided but did not own. This work was performed without a written contract between the parties and, in the absence of bad faith on the part of the defendant homeowner,[4]
the plaintiff cannot recover his costs for the work performed. For these reasons, in order to effectuate the purpose of the Home Improvement Act, this court must render judgment for the defendant on both remaining counts.[5]
Accordingly, judgment is rendered for the defendant on the remaining first and third counts of the complaint. CT Page 3346