[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
CT Page 2942
The defendant moves to strike count two of the plaintiff's complaint on the grounds that the plaintiff asserts a CUTPA violation based on an isolated, private sale of real estate.
On May 22, 1996, the plaintiff Melissa Nathan filed a six-count complaint against the defendants, Lina and Romas Marcinkeviciene and the William T. Beazley Company. In her complaint, the plaintiff alleges the following. On or about April 17, 1996, the plaintiff and the defendant Lina Marcinkeviciene entered into an agreement where the plaintiff agreed to sell, and the defendant agreed to buy, the plaintiff s real property located at 155 Balfour Drive, West Hartford, CT. The plaintiff and the defendant both — agreed that they would close the sale on April 30, 1996 and, over the weekend of April 27-28, 1996, the plaintiff and her family vacated the premises. While she was vacating the premises, the plaintiff was visited by the defendant Romas Marcinkeviciene, who witnessed the plaintiff packing her belongings. On that same day, counsel for the defendants faxed a letter to plaintiff's counsel stating that the defendants would not proceed with the closing. However, the plaintiff did not receive the letter until April 29, 1996.
On June 25, 1996, the defendants, Lina and Romas Marcinkeviciene, filed a motion to strike count two of the plaintiff's complaint and a supporting memorandum of law. On July 25, 1996, the plaintiff filed an opposition to defendants' motion to strike.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint . . . . The court must construe the facts in the complaint most favorably to the plaintiff." (Citations omitted; internal quotation marks omitted.) Novametrix Medical SystemsInc. v. BOC Group Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "In ruling on a motion to strike, the trial court is limited to considering the grounds specified in the motion." (Citations omitted.) Meredith v. Police Commission,182 Conn. 138, 140, 438 A.2d 27 (1980). "[F]or the purpose of a motion to strike, the moving party admits all facts well pleaded." (Citations omitted.) RK Constructors, Inc. v. Fusco Corp.,
CT Page 2943231 Conn. 381, 383 n. 2., 650 A.2d 153 (1994). "If facts provable under the allegations would support . . . a cause of action, the motion to strike must be denied." (Citation omitted.) Id., 384.
The defendants argue that (1) CUTPA does not apply to a single isolated sale of real estate; and (2) the CUTPA count should be stricken because the plaintiff failed to allege that the acts of the defendants were performed in a trade or business. The plaintiff counters that the court should interpret CUTPA as applying to isolated real estate sales and that CUTPA does apply to a sale of real property by persons not engaged in the business of buying or selling real estate.
The plaintiff argues that the better reasoned interpretation of CUTPA allows a party to assert CUTPA claims based on even a single act or transaction. In support of this argument, the plaintiff relies on Ballou Contracting Co. Inc. v. Khodadoust,
Superior Court, judicial district of New Haven at New Haven, Docket No. 34028 (December 8, 1995, Zoarski, J.,15 Conn. L. Rptr. 502). The court in Ballou Contracting v. Khodadoust, after acknowledging the split in the trial courts over this issue, held that a CUTPA claim may arise out of a single act. Id. In reaching this holding, the court noted that the language of the CUTPA statute was inconclusive on this issue. See General Statutes § 42-110b (a) (stating that "unfair methods" and "unfair or deceptive acts or practices" are unlawful) (emphasis added); but see General Statutes § 42-110g (a) (stating that a person may recover for any ascertainable loss resulting from a prohibited "method, act or practice"). The court reasoned that CUTPA is a remedial measure and thus must be construed liberally to effectuate its public policy goals. (Citations omitted; internal quotations omitted.) Ballou Contracting v. Khodadoust, supra; see also Sportsman's Boating Corp. v. Henseley, 192 Conn. 747, 756,474 A.2d 780 (1984).
The court in Ballou Contracting v. Khodadoust further reasoned that the Superior Courts that do not allow CUTPA claims based on single acts, erroneously rely upon Mead v. Burns,199 Conn. 651, 660, 509 A.2d 11 (1986), which held that proof of a general business practice is required to establish a violation of CUTPA based on a violation of CUTPA. See, e.g., Spakowski v.Charter Oak Walk-In Medical Center, Superior Court, judicial district of New London at New London, Docket No. 528137 (June 2, 1994, Hurley, J., 9 CSCR 683); Basquin v. Shop-Rite Supermarket,
Superior Court, judicial district of Litchfield at Litchfield, CT Page 2944 Docket No. 62200 (February 9, 1994, Pickett, J.). The court inBallou Contracting v. Khodadoust explained that, in Mead v.Burns, the Appellate Court based its holding on the specific language in the CUTPA statute. See General Statutes § 38a-816
(6) (requiring that the defendant commit the complained of acts "with such frequency as to indicate a general business practice").
This court has previously held that alleging a single act is sufficient to sustain a cause of action for a CUTPA violation.Hernandez v. King, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 536321 (January 26, 1996, Hennessey, J., 16 Conn. L. Rptr. 552); P G Enterprisesv. SKW Real Estate, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 539728 (March 27, 1995, Hennessey, J.). The defendants have presented no reason for this court to depart from its previous holding on this issue.
In support of their argument that private sales of real estate are not encompassed within the trade or commerce language of General Statutes § 42-110b, the defendants rely on Quimbyv. Kimberly Clark Corp., 28 Conn. App. 660, 613 A.2d 838 (1992). In Quimby v. Kimberly Clark Corp., a plaintiff, who had allegedly sustained injuries in a work related accident, sought damages from an employer who had wrongfully refused to pay workers' compensation benefits. Id., 660-61. The Appellate Court held that the plaintiff's CUTPA claim failed because the plaintiff's complaint did not allege "that the acts complained of were performed in a trade or business." (Internal quotation marks omitted.) Id., 669; see also Web Press Services Corporation v.New London Motors, Inc., 203 Conn. 342, 354, 525 A.2d 57 (1987) (stating that, under General Statutes § 42-110a, a CUTPA claim must be based on acts and practices in the conduct of any trade or commerce).
In further support of the argument that the private sale of real estate is not encompassed within the trade or commerce language of General Statutes § 42-110b, the defendants rely on three superior court cases. Doty v. Silver, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 293192 (February 24, 1995, Hauser, J.) (holding that "an isolated private sale of real estate by one not in the business of doing so, is not encompassed within the "trade or commerce" language of the CUTPA statute[.]"); Jakab v. Sewell, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 46054, (June CT Page 2945 13, 1994, Rush, J.) (holding that "[a]n isolated private sale of real estate by one not in the business of doing so is . . . not encompassed within the "trade or commerce" language of General Statutes § 42-110b."); Micceli v. Helyer, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 370264 (January 26, 1994, Sullivan, J.) (holding that CUTPA is "inapplicable to [a] single residential real estate transaction between the parties not so engaged in the business of real estate transactions.").
In Skinner v. Till, Superior Court, judicial district of New London at New London, Docket No. 514857 (April 16, 1991, Teller, J., 6 CSCR 511), the court, in granting the defendant's motion to strike the plaintiff's CUTPA claim, reasoned that "[t]he statute, no matter how broadly it must be construed to effect its remedial purpose, must be understood by the application of the common, ordinary meanings of the words it uses. And, it cannot be tortured or stretched to embrace a single, one-time sale by a homeowner and transform such a transaction into the conduct of any `trade' or `commerce'." (Internal quotations omitted.)Skinner v. Till, supra. In support of its reasoning, the court relied on a holding from the Supreme Judicial Court of Massachusetts. See Lanter v. Carson, 373 N.E.2d 973, 974-75
(1978) (holding that Massachusetts's Consumer Protection Act does not apply to private real estate transactions). Additionally, the court noted that the Commissioner of Consumer Protection, who bears administrative responsibility for the enforcement of CUTPA, has never promulgated regulations affecting the sale of a single family home by homeowners and has never sought to enforce CUTPA in the context of such a sale. Skinner v. Till, supra; see alsoJokl v. Watt, Superior Court, judicial district of New Haven at New Haven, Docket No. 372000 (February 28, 1996, Gray, J.); Kohlv. Murphy, Superior Court, judicial district of New Haven at New Haven, Docket No. 352626 (June 8, 1995, Fracasse, J.) (granting the defendants' motion to strike the plaintiff's CUTPA claim where the plaintiff failed to allege that the defendants committed the alleged acts in the conduct of a trade or business); Barnes v. General Electric Co., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 529354 (July 25, 1995 Hennessey, J. 14 Conn. L. Rptr. 455);Oppici v. Arata, Superior Court, judicial district of New Haven at New Haven, Docket No. 273935 (August 30, 1991, Hadden, J.,6 CSCR 906); McCarthy v. Fingelly, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 268839 (May 28, 1991, Katz, J.). CT Page 2946
The plaintiff counters that General Statutes § 42-110a
(4) defines "trade" and "commerce" as including "the sale or rent or lease, the offering for sale or rent or lease . . . of . . . any property, tangible or intangible, real, personal or mixed, and any other article, commodity or thing of value in this state." In support of her argument, the plaintiff relies onHorowitz v. Cottle, Superior Court, judicial district of New Haven at New Haven, Docket No. 9104-4378 (July 9, 1992, Vertefeuille, J.). In Horowitz v. Cottle, the court held that "[t]he legislature has thus defined trade or commerce to include the sale or rental of a single property or single commodity. There is no requirement that a person be in the business of selling such property or commodities in order to be engaged in trade or commerce within the meaning of the act. However, inBarnes v. General Electric Co., supra, this court, after finding that the act complained of was merely incidental to the primary trade or commerce of the defendants, granted the defendants motion to strike the plaintiff's CUTPA claim on the grounds that the action complained of did not fall within the meaning of "trade or commerce." Therefore, because the plaintiff in the case at bar did not allege that the defendants were in the business of buying or selling real estate, the action complained of does not fall within the meaning of "trade or commerce." Accordingly, count two of the plaintiff's complaint does not properly allege a CUTPA violation and, therefore, the court grants the defendant's motion to strike count two of the plaintiff's complaint.
Hon. Mary R. Hennessey