ETHEL CANTOR *v.* DEPARTMENT OF
INCOME MAINTENANCE ET AL.
(4573)

DUPONT, C. J., SPALLONE and DALY, Js.

Submitted on briefs June 12—decision released September 22, 1987

---

*Michael J. Mullin* and *Herbert I. Cantor* filed a brief for the appellant (plaintiff).

*Joseph I. Lieberman,* attorney general, and *Wendell S. Gates,* assistant attorney general, filed a brief for the appellees (defendants).

PER CURIAM. The plaintiff[1] is appealing from the judgment of the trial court dismissing her administrative appeal from a decision of the defendant commissioner of the department of income maintenance. The defendant had denied the plaintiff's decedent medical benefits under the Social Security Act, title XIX, 42 U.S.C. § 1396 et seq.

The principal issue raised in this appeal is whether the state may deny medical benefits under title XIX to the settlor-beneficiary of a trust if the trust empowers the trustees to invade the trust principal for the benefit of the settlor-beneficiary in the case of medical emergency. The trial court, in dismissing the plaintiff's appeal, answered in the affirmative. The plaintiff argues that the trial court erred (1) in concluding that, under Maryland law, the entire corpus of the trust is subject to invasion for the benefit of the beneficiary's creditors, (2) in failing to consider whether an emergency occurred, and (3) in failing to consider whether the hearing officer erred in concluding that a "sickness" contemplated by § 3 of the trust agreement existed or had occurred.[2]

---

[1] On June 11, 1987, following the death of the plaintiff Ethel Cantor, we granted the motion of Herbert I. Cantor, executor of the estate of Ethel Cantor, to be substituted as appellant and allowed him to appear pro se.

[2] The second and third claims of error relate to the factual finding of the fair hearing officer, which was upheld by the trial court, that the plaintiff's medical condition constituted an emergency which had arisen due to sickness. That factual determination was made in reliance upon the commissioner's initial memorandum of decision, which stated that the medical

The trial court, *Satter, J.,* filed a complete, well reasoned and legally sound memorandum of decision which indicates that the trial court afforded the plaintiff's administrative appeal the appropriate scope of review, analyzed the issues raised, cited proper authority and drew legal conclusions in conformity with the law. The trial court's decision so completely articulates the issues involved in this appeal and so adequately explains the legal basis for its conclusions that it may be referred to for a detailed discussion of the facts and applicable law. See *Faith Center, Inc.* v. *Hartford,* 192 Conn. 434, 436, 472 A.2d 16, cert. denied, 469 U.S. 1018, 105 S. Ct. 432, 83 L. Ed. 2d 359 (1984); *Hinchliffe* v. *American Motors Corporation,* 192 Conn. 252, 253,

---

records of the plaintiff had been reviewed, and that an unexpected stroke had been suffered by the plaintiff.

At the time of the fair hearing, no objection was raised to the introduction of this memorandum, nor were any attempts made to refute the conclusion regarding the plaintiff's medical condition, or to cross-examine the author of the memorandum. Since the plaintiff offered no objection to the memorandum, the fair hearing officer was entitled to consider all of the information contained therein when he rendered his decision. See *Welch* v. *Zoning Board of Appeals,* 158 Conn. 208, 212–14, 57 A.2d 795 (1969). There is no indication in the record that the plaintiff was deprived of due process by the fair hearing officer's restriction of her introduction of evidence, nor did he deprive her of her right to call and cross-examine the author of the memorandum. Id.

The trial court did not directly address this finding in its decision, but implicitly upheld it in its decision. The issue was raised only in a brief colloquy, which referred not to the hearing officer's reliance upon the memorandum, but focused on whether a prolonged need for care constituted an emergency. The plaintiff's claim of a denial of due process due to the use of the memorandum as a basis for finding an emergency due to sickness was never raised prior to this appeal. If a proper challenge to the memorandum had been raised at the hearing and before the trial court, and the trial court had failed to address the claim, the plaintiff could have assured us a proper record for review by way of a motion for articulation of the trial court's findings of fact and conclusions of law. See *J. M. Lynne Co.* v. *Geraghty,* 204 Conn. 361, 376–77, 528 A.2d 786 (1987); *Barnes* v. *Barnes,* 190 Conn. 491, 493, 460 A.2d 1302 (1983). "It is, of course, the responsibility of the appellant to provide an adequate record for review; Practice Book § 4061 . . . ." *J. M. Lynne Co.* v. *Geraghty,* supra, 376.

470 A.2d 1216 (1984); *State* v. *Barrett,* 10 Conn. App. 667, 668–69, 525 A.2d 139 (1987).

Accordingly, the trial court's memorandum of decision filed in *Cantor* v. *Department of Income Maintenance,* 40 Conn. Sup. 554, 531 A.2d 608 (1987), should be referred to for a detailed discussion.

There is no error.