STATE OF CONNECTICUT *v.* ANTHONY TESTO
(6070)

SPALLONE, DALY and NORCOTT, Js.

Argued March 10—decision released March 31, 1988

*David J. Laudano,* with whom, on the brief, was *Raymond W. Ganim,* for the appellant (defendant).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, was *David Sullivan,* assistant state's attorney, for the appellee (state).

PER CURIAM. The defendant is appealing from the trial court's denial of his motions to withdraw his plea of nolo contendere and to open the judgment rendered against him. The defendant, a pharmacist, had pleaded guilty to one count of vendor fraud in violation of General Statutes §§ 17-83k and 53a-124 (a) (1).

The principal issue raised in this appeal is whether the defendant's plea was entered voluntarily and intel-

ligently where the defendant claims that he was not advised by his counsel concerning administrative sanctions which could result from his conviction.[1] The trial court, in denying the defendant's motion to withdraw his plea of nolo contendere, found there existed no valid reason to withdraw the plea or to open the judgment.

The trial court filed a detailed and legally sound memorandum of decision which indicates that the trial court afforded the defendant a full evidentiary hearing on the defendant's motions. The court fully analyzed the issues raised, cited the proper authorities and properly found that the defendant failed to prove that misadvice by counsel was grounds to allow withdrawal of the plea or opening of the judgment of conviction. The trial court's decision articulates the issues involved in this appeal and explains the legal basis for its conclusions. It may be referred to for a detailed discussion of the facts and applicable law.[2] See *Cantor* v. *Department of Income Maintenance,* 12 Conn. App. 435, 437–38, 531 A.2d 606 (1987).

There is no error.

---

[1] The defendant claims that he was not advised by his counsel that, as a result of his conviction, he could be suspended from participation in the medicaid and medicare reimbursement programs for a period of three years.

[2] See memorandum of decision filed in *State* v. *Testo,* Superior Court in the Judicial District of Fairfield, Docket No. 31406, April 22, 1987.