[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an administrative appeal from a decision of the Commissioner of Motor Vehicles (Commissioner) ordering the suspension of the plaintiff's motor vehicles license for a period of six months pursuant to our implied consent statute, Conn. Gen. Stat. sec. 14-227b.
On September 4, 1989, a police officer observed the plaintiff operating a motor vehicle on Whiting Street in Plainville, Connecticut. The police officer testified that he observed the plaintiff's vehicle "zig-zagging" on the road, although the vehicle did not cross the center line of the road. The officer stopped the plaintiff's motor vehicle. The officer's testimony is that the plaintiff operator of the vehicle smelled of alcohol, had slurred speech, and had bloodshot and watery eyes. The police officer gave the plaintiff the California field test for sobriety which the plaintiff failed. The plaintiff refused to take a test or permit an analysis to determine his blood alcohol level.
The police officer placed the plaintiff under arrest after he failed the sobriety tests.
An administrative hearing was held by the Commissioner on January 4, 1990 on the refusal of the plaintiff to take a test or permit an analysis of his blood alcohol level. Following the hearing, the Commissioner, on February 10, 1990, ordered the plaintiff's driver's license, and his right to operate a motor vehicle in the State to be suspended for six months, effective February 24, 1990. The plaintiff appealed this decision on February 15, 1990.
The Commissioner's decision to suspend the plaintiff's CT Page 4201 license and operating privileges for six months was based upon the following:
 1. that there was probable cause for the police officer to arrest the operator for violation of Conn. Gen. Stat. sec. 14-277a;
 2. that the operator was placed under arrest;
 3. that the operator refused to submit to a test or analysis; and
 4. that the plaintiff was operating the motor vehicle.
The plaintiff has taken this appeal pursuant to Conn. Gen. Stat. sec. 4-183 which requires that the person taking such an appeal qualify as an "aggrieved party". In this case, the plaintiff having his driver's license and right to operate a motor vehicle suspended has a specific personal and legal interest which has been specially and injuriously affected by the Commissioner's decision. See Canton v. Department of Income Maintenance, 40 Conn. Sup. 554, 556 (1985) aff'd 12 Conn. App. 435
(1987).
Accordingly, the plaintiff is an aggrieved party. The plaintiff has exhausted his administrative remedies provided for in Conn. Gen. Stat. sec. 14-227b.
The plaintiff claims that his rights were violated in two ways: 1) that the officer did not have probable cause to arrest the plaintiff for a violation of sec. 14-227a; 2) that there was no valid refusal to take the blood alcohol test. While the plaintiff acknowledges that the police officer stated that the plaintiff's auto was zig-zagging, he maintains that no probable cause existed because the auto never crossed the center line of the road and there was no other sign of erratic driving. Moreover, the plaintiff contends that he failed the field sobriety test because he suffers from a bad back resulting from a prior injury. The plaintiff also contends that his eyes are always bloodshot, giving the appearance of being under the influence of alcohol. The plaintiff claims that the refusal to take the chemical test was not valid because he was not warned that evidence of such a refusal was admissible against him in a criminal prosecution.
The defendant Commissioner responds that there was probable cause to arrest the plaintiff for driving while under the influence of intoxicating liquor because the auto was zig-zagging, CT Page 4202 the plaintiff failed the field sobriety tests, had bloodshot eyes, slurred speech and possessed the odor of alcohol. On the issue of the test refusal, the defendant argues that failure to warn of the consequences of refusal does not set aside an order of suspension. Moreover, the plaintiff was warned that his refusal could be used against him in court even if not specifically warned that the refusal could be used in a criminal prosecution.
This case is governed by the Uniform Administrative Procedures Act, Conn. Gen. Stat. secs. 4-166 — 189 (UAPA), and the scope of that review is very restricted. Buckley v. Muzio,200 Conn. 1, 3 (1986). The court may not retry the case or substitute its own judgment for that of the Commissioner. Id. "The court's ultimate duty is only to decide whether, in light of the evidence, the Commissioner has acted unreasonably, arbitrarily, illegally, or in abuse of his discretion." Id. The credibility of witnesses and the determination of factual issues are matters within the province of the administrative agency and if there is evidence which reasonably supports the decision of the Commissioner, the court cannot disturb that conclusion. DiBenedetto v. Commissioner of Motor Vehicles,168 Conn. 587, 589 (1975).
Probable cause exists when the facts and circumstances within the knowledge of the officer and of which he has reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to believe that the person arrested had committed an offense." Clark v. Muzio,40 Conn. Sup. 512, 514 (1986) aff'd 14 Conn. App. 212 (1988). Such probable cause may be based on circumstantial as well as direct evidence. Id. at 514-515. In this case, the record adequately supports the finding of the Commissioner that the police officer had sufficient probable cause to make the arrest. The plaintiff's auto had been zig-zagging. The police officer smelled alcohol on the breath of the plaintiff as he spoke. The plaintiff's speech was slurred and his eyes bloodshot and watery.
The scope of the license suspension hearing is limited to the four issues of probable cause to arrest, whether an arrest occurred, the refusal to submit to a test, and whether the arrestee was operating the motor vehicle. Conn. Gen. Stat. sec. 14-277b(f); Volck v. Muzio, 204 Conn. 507, 515-516
(1987). Whether an operator was warned of the consequences of refusing to submit to a chemical test is not one of the issues to be adjudicated within the course of a license suspension hearing. Volck, 204 Conn. at 520. "When a driver refuses a test to which he is deemed by the statute to have consented, that refusal need not be attended by the kind of warning required in CT Page 4203 criminal proceedings for a waiver of significant legal rights." Id. at 520-21. "The legislature, by limiting the issue at the license suspension hearing to whether a refusal has occurred, has chosen to rely on the presumption that everybody knows the law, including the consequences of breaking it." Id. at 520-21. Therefore, "a failure to warn the plaintiff of the consequences of his refusal of testing would not constitute a ground for setting aside the order of suspension." Id. at 521.
After reviewing the record, we find an adequate basis to support the decision of the Commissioner on each of the four statutory elements set forth in Conn. Gen. Stat. sec. 14-227b.
Accordingly, judgment may enter dismissing this appeal.
ARNOLD W. ARONSON JUDGE, SUPERIOR COURT