[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Westbrook Zoning Board of Appeals (ZBA) denying the plaintiffs' application to locate an auto body shop on a parcel of land that they own in the Town of Westbrook.
Thomas A. Vicino and James A. Vicino (plaintiffs) are the owners of this vacant parcel of land on the Boston Post Road in Westbrook. The land is located within the Commercial Zoning District as established by the Westbrook Zoning Regulations. Among the permitted uses in the Westbrook Commercial Zoning District is a public garage, defined as "a building, not a private garage, used for the repair, servicing or storage of motor vehicles," subject to site plan review by the Westbrook Zoning Commission.
Upon plaintiffs' application, the Westbrook Zoning Commission on April 9, 1990 unanimously granted site plan approval for a public garage on the land, subject only to the condition that there not be any overnight outside storage of motor vehicles.
The application to locate the garage was made in accordance with the provisions of Sec. 14-54 of the Conn. General Statutes which controls and regulates facilities of this type. The application was made on May 25, 1990. On June 27th, 1990 in accordance with the Statute a public hearing was held on the application and following that hearing the ZBA voted to deny it. It is this action by the ZBA that is being appealed.
The plaintiffs in this appeal own the property for which the certificate of approval of location was sought. They were the applicants whose application was denied. As such, they have a specific, personal and legal interest which has been specifically and injuriously affected by the decision. Hall v. Planning Commission,181 Conn. 442 (1980); see Cantor v. Department of Income Maintenance,40 Conn. Sup. 554, aff'd 12 Conn. App. 435 (1980). They are, therefor, aggrieved parties.
The central- issue in this matter is whether the ZBA's decision is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. Conn. General Statutes Sec. 4-183 (i)(5). CT Page 7385
In its analyses of the "whole record" the court will first discuss the public hearing. The plaintiffs, at the hearing, introduced a substantial amount of expert testimony with respect to ground water, pollution, fumes, noise, dust, hazardous materials, vibrations and the like. None of the plaintiffs' evidence was contradicted by other evidence. All of the plaintiffs' evidence was directly related to the statutory criteria set forth in Sec. 14-55 of the Conn. General Statutes which is the suitability of business intended, with due consideration to its location in reference to schools, churches, theatres, traffic conditions, width of highway and effect on public travel.
In contrast to plaintiffs' presentation approximately five individuals spoke in apparent opposition to the granting of the application. The individuals were residents of this area and their opposition and concern is understandable. The opposition focused on the qualifications and conclusions of the experts but offered no expert testimony of their own. Very little of their questioning and statements related to the criteria set out in Sec. 14-55
of the Conn. General Statutes. The record does not include any public discussion of the statutory criteria.
On July 11th, 1990 a decision was issued denying the application and the ZBA found the site unsuitable based on three grounds: (1) The project was contrary to the Town of Westbrook's Master Plan of Development; (2) The proximity of the site to a school; (3) The proximity of the site to a densely populated area.
The court's review of these proceedings is intended to guarantee that ZBA acted on evidence which is reliable and probative and that it acted in a manner consistent with fundamental fairness. The record does not support the conclusion that this standard was met. The decision is inescapable because of the total absence of any real evidence that this type business was not suitable for this location. Although individuals opposed the application, their opposition appears to be based on their personal opinion of the suitability of this type business in their neighborhood. It is impossible to determine what standards they used in forming their opinions. It should be noted once again that this is a permitted activity, within this particular zone and public opposition based on personal interest is not a stated criteria enumerated in Sec. 14-55
of the Conn. General Statutes.
Further evidence of the lack of basis for the CT Page 7386 ZBA's ruling are the reasons the Board relied upon. First, the Master Plan of Development for the Town of Westbrook does not control here, the Westbrook Zoning Regulations control and according to those Regulations this is a permitted activity. Although the ZBA cites the proximity to a school as a reason for denial, it should be noted that not a single official of the Town of Westbrook charged with any type of responsibility for the health or safety of children attending the school indicated that this garage presented any kind of hazard for the children. The last reason cited by the ZBA also does not fall within the statutory criteria of Conn. General Statutes Sec. 14-57. Proximity to a densely populated area is not one of the factors considered in this type application.
In the final analysis it should be stated that all the rights of the various property owners in the controversy should be protected. That includes the rights of the plaintiff to build whatever business they want on their property as long as it is allowed by law.
This court, therefor, finds that the denial of the plaintiffs' petition was clearly erroneous in view of the reliable probative and substantial evidence on the whole record. The appeal of the plaintiffs is granted.
In addition this court orders pursuant to Sec.4-183 (k) Conn. General Statutes, that the application of the plaintiffs be granted as it appears to be the only conclusion which could have been logically reached based on the evidence before the ZBA.
O'KEEFE, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision. Michael Kokoszka, Chief Clerk