In re B.V. BROOKS, Debtor.

Robert U. SATTIN, Chapter 11 Trustee, Plaintiff,

v.

B.V. BROOKS, individually and as trustee under the Brooks Trust, Kathryn Frazer Brooks, Darien News–Review, Inc., Bermuda Trust Company Limited, as trustee under the Bermuda Trust, Fairfield Citizen of Connecticut, Inc., Brooks, Torrey & Scott, Inc., Westfair, Inc., Brooks Community Newspapers, Inc., Lazard Trustee Company (Channel Island) Limited, as trustee under the Channel Island Trust, Westport News, Inc., Westbrook, Inc., and Colin Gunn, as trustee under the Brooks Trust, Defendants.

Bankruptcy No. 91–53039.
Adversary No. 96–5055.

United States Bankruptcy Court,
D. Connecticut.

Jan. 26, 1998.

Eric A. Henzy, Reid & Riege, P.C., Hartford, CT, for Plaintiff.

Andrew M. DiPietro, Jr., Andrew M. DiPietro, Jr., P.C., New Haven, CT, for B.V. Brooks.

Christopher P. Hall, Piliero, Goldstein, Jenkins & Hall, New York City, for Corporate Defendants.

Geoffrey A. Hecht, Virshup, Caplan, Hecht & Scanlon, New Haven, CT, Thomas J. Weber, Coudert Brothers, New York City, for Brooks Trust Trustee and Kathryn Frazer Brooks.

James C. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, CT, for Creditors' Committee.

## MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ALAN H.W. SHIFF, Chief Judge.

The plaintiff trustee filed the instant motion for summary judgment, seeking a determination that certain assets transferred by the debtor to his wife, which she then transferred to off-shore trusts that named the debtor as a beneficiary, are property of the debtor's bankruptcy estate. For the reasons that follow, the motion is granted.

### 1.

### *Jurisdiction*

■ This court has exclusive jurisdiction over property of the bankruptcy estate, 28 U.S.C. § 1334. *See also Porges v. Gruntal & Co. (In re Porges),* 44 F.3d 159, 164 n. 3 (2nd Cir.1995); *Coan v. Bernier (In re Bernier),* 176 B.R. 976, 984 (Bankr.D.Conn.1995). This court also has the authority to make a determination of what constitutes property of the estate. *Walsh v. Pennsylvania (In re Kingsley),* 181 B.R. 225, 233 (Bankr.W.D.Pa. 1995) (The bankruptcy court "unquestionably ha[s] jurisdiction to determine what property is part of this bankruptcy estate").[1] The plaintiff argues that the trusts are property of the estate because they are self-settled and invalid as a matter of law. The defendants argue that the trusts are not property of the estate because they are enforceable spendthrift trusts. *See* 11 U.S.C. § 541(c)(2).[2]

### 2.

### *Summary Judgment*

As this court held in *In re Roberti:*

Summary judgment shall be granted 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' Fed.R.Civ.P. 56(c). '[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.' ... While the court must view the inferences to be drawn from the facts in the light most favorable to the party opposing the motion, a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.' The non-moving party may defeat the summary judgment motion by producing specific facts sufficient to establish that there is a genuine issue of material fact for trial. '[M]ere conclusory allegations or denials' in legal memoranda or oral argument are not evidence and cannot by themselves create a genuine issue of material fact where none would otherwise exist.... The burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists.... That burden may be satisfied by showing that little or no evidence may be found in support of the non-moving party's case.... There is no genuine issue of material fact when no rational jury could find in favor of the non-moving party because the evidence to support its case is so slight.... 'Summary judgment is proper only when reasonable minds could not differ as to the import of the evidence.'

*In re Roberti,* 183 B.R. 991, 998–99 (Bankr. D.Conn.1995) (citations omitted).

### 3.

### *Undisputed Facts*

For the sole purpose of resolving this motion, the following facts are found to be undisputed.

---

**1.** The defendants argue that this court does not have jurisdiction over the trusts because of improper service of process. However, the issue of whether the court has in personam jurisdiction over those defendants arises only after any determination that the trusts hold property of this bankruptcy estate. *See Pan American World Airways, Inc. v. Care Travel Co., Ltd. (In re Pan Am Corp.),* 166 B.R. 538, 542 (S.D.N.Y.1993).

**2.** 11 U.S.C. § 541(c)(2) provides that "[a] restriction on the transfer of a beneficial interest in a trust that is enforceable under nonbankruptcy law is enforceable in a case under this title."

On November 7, 1991, an involuntary Chapter 7 petition was filed against the debtor. The case was converted to chapter 11 on January 16, 1992. A chapter 11 trustee was appointed on December 20, 1995, and on May 17, 1996, he commenced this adversary proceeding.

In the spring and summer of 1990, the debtor and his wife, Kathryn Frazer Brooks, consulted with their attorneys about minimizing their taxes as part of a long-term estate and tax planning strategy. *See July 18, 1997 Affidavit of Morris R. Sherman; July 21, 1997 Affidavit of Kathryn Frazer Brooks; July 21, 1997 Affidavit of B.V. Brooks.* Pursuant to those discussions, the debtor transferred stock certificates, representing varying interests he owned in Connecticut corporations, to his wife who thereafter transferred them to off-shore trusts located in Jersey, Chanell Islands, ("Jersey") and Bermuda.[3] Kathryn Frazer Brooks traveled to Bermuda and then to Jersey in order to establish each trust to which she deposited $50,000.00 of her own funds. A gap of several days intervened between the debtor's transfer to his wife and her transfer to the trusts.[4]

Each trust instrument included a choice of law provision designating that the local law of the respective country would apply for the purpose of interpreting the trust. Each stated that it was irrevocable and included a spendthrift clause. Each named the debtor as the sole income beneficiary and permitted the distribution of "... [as] much of the principal ..." of each trust to the debtor "... as the Trustee shall deem necessary, advisable or appropriate for his health, comfort, support, and for his needs in connection with any enterprise in which he may be engaged either personally or as an investor (without any duty to take into account other resources of [the debtor])...." *Plaintiff's*

*March 20, 1997 Motion for Summary Judgment* at 7–8.

4.

### Self-settled Trusts

■ As a general rule, federal courts must apply the choice of law rules of the forum state ill which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97, 61 S.Ct. 1020, 1021–22, 85 L.Ed. 1477 (1941); *Softel, Inc., v. Dragon Medical and Scientific Communications, Inc.*, 118 F.3d 955, 967 (2nd Cir.1997), *In re Carterhouse*, 94 B.R. 271, 274 (Bankr.D.Conn.1988). The parties agree that Connecticut's choice of law rules apply. *See American Fuel Corp. v. Utah Energy Development Co., Inc.*, 122 F.3d 130, 133 (2nd Cir.1997) ("... where the parties have agreed to the application of the forum law, their consent concludes the choice of law inquiry").

■ Connecticut courts generally "respect the expressed will of the settlor [of a trust] as to the controlling law." *Cantor v. Department of Income Maintenance*, 40 Conn.Supp. 554, 557, 531 A.2d 608 (1985), *aff'd*, 12 Conn.App. 435, 531 A.2d 606 (1987). There are, however, exceptions. Connecticut courts have held that "... the legality of the trust of personalty [is determined] by the law of the settlor's domicil...." *Stetson v. Morgan Guaranty Trust Co. of New York*, 22 Conn.Supp. 158, 160, 164 A.2d 239 (1960) (cited in *Cantor v. Department of Income Maintenance*, *supra*, 40 Conn.Supp. at 557, 531 A.2d 608), Moreover, Connecticut will not "... enforce the law of another jurisdiction nor the rights arising thereunder, which ... contravene [Connecticut] public policy." *Dick v. Dick*, 167 Conn. 210, 223–224, 355 A.2d 110 (1974). Here, because stock certificates are personalty, *see* American Law Institute, *Estate Planning for the Family Business Owner*, CA29 ALI–ABA 823, *823

---

**3.** Jersey and Bermuda are among those countries sometimes referred to as "foreign havens", so called because they are noted for "... refusing comity with respect to the enforcement of judgments and providing havens for judgment debtors from their foreign creditors." Lynn M. Lopucki, *The Death of Liability*, 106 Yale L.J. 1, 32–33 (1996).

**4.** The plaintiff and the defendants dispute the amount of time that elapsed between the debtor's stock transfers and the creation of each trust. For the purpose of considering this motion, those disputes are resolved in the defendants' favor, *see supra* at 100, and the gap for the Bermuda and Jersey Trusts was eight and twelve days respectively.

(1995), the settlor resides in Connecticut,[5] and on the basis of public policy considerations discussed *infra* at 103–104, the enforceability of the spendthrift provisions of the trusts is determined under Connecticut law.

■ A "spendthrift trust is one which provides a fund for the *benefit of another,* and which secures it against his own improvidence, and places it beyond the reach of his creditors." *Greenwich Trust Co. v. Tyson,* 129 Conn. 211, 219, 27 A.2d 166 (1942) (emphasis added). The Restatement (Second) of Trusts defines a self-settled trust as a trust created by a beneficiary. *See* 1 Restatement (Second) of Trusts § 156(2). Connecticut courts follow the Restatement (Second) of Trusts. *See Greenwich Trust Co. v. Tyson, supra,* 129 Conn. at 219, 27 A.2d 166 (applying § 156 in assessing the validity of a trust); *Cantor v. Department of Income Maintenance,* 40 Conn.Supp. 554, 558–559, 531 A.2d 608 (1985) (noting that Connecticut has adopted the Restatement), *aff'd;* 12 Conn. App. 435, 531 A.2d 606 (1987). The issue then is whether these are self-settled trusts.

■ No direct Connecticut authority has been cited or found that applies to the instant facts, i.e., where an individual transfers property to another who then transfers the property to a spendthrift trust for the benefit of the original transferor. However, the Restatement notes that "... it is not necessary [for a determination that a trust is self-settled] that the beneficiary shall have himself conveyed the property held in trust. It is sufficient that he paid the purchase price for a conveyance upon a trust, of which he is the beneficiary or one of the beneficiaries." I Restatement (Second) of Trusts § 156, Comment f (1959).[6] *See also Lehman v. Commissioner of Internal Revenue,* 109 F.2d 99, 100 (2nd Cir.1940), *cert. denied,* 310 U.S. 637, 60 S.Ct. 1080, 84 L.Ed. 1406 (1940) (relying on A. Scott & W. Fratcher, *Law of*

*Trusts,* § 156.3, which tracks Restatement § 156, in holding that a trust settled in name only by another person was part of the decedent-transferor's taxable estate).

As *Roberti* observed, *supra,* 183 B.R. at 998, "[t]he non-moving party may defeat the summary judgment motion by producing specific facts sufficient to establish that there is a genuine issue of material fact for trial." The defendants rely upon the following argument to support their claim that Kathryn Frazer Brooks, rather than the debtor, was the settlor of the trusts. (1) She transferred her own funds to the trusts, independent of any property the debtor transferred to her. (2) She traveled to Bermuda and to Jersey to settle the trusts. (3) The trusts were intended for long term estate and tax planning purposes, not to defraud creditors. (4) She had exclusive control over the stock certificates for a period of eight to twelve days before she transferred that property to the trusts.

The argument is not persuasive. It is irrelevant that Kathryn Frazer Brooks contributed her own funds with the stock certificates transferred to her by the debtor, because a spendthrift trust may be enforceable in part and unenforceable in part, *See* 1 Restatement (Second) of Trusts § 156(1). *See also, In re Spenlinhauer,* 182 B.R. 361, 363 (Bankr.D.Me.1995). Indeed, the plaintiff conceded at the hearing that Kathryn Frazer Brooks' personal money, if any, should not be considered property of the estate.

Her travel to Bermuda and the Channel Islands to establish the trusts has no bearing on the issue of who provided the consideration for the trusts' funds, nor does the selection of those countries establish that the trusts are self-settled. It is apparent, however, that Bermuda and Jersey were chosen because self-settled trusts were permitted in

---

**5.** At this point in the analysis, it does not matter whether the debtor or his wife is the settlor, as both are domiciled in Connecticut. *See July 21, 1997 Affidavit of B.V. Brooks* and *July 21, 1997 Affidavit of Kathryn Frazer Brooks.*

**6.** The court does not read the Restatement (Second) of Trusts to require that the settlor provide 100% of the corpus as a condition precedent to the establishment of a self-settled trust. The

reason is apparent: a scheme whereby another person makes a minimal contribution to the trust corpus should not defeat a state's public policy against self-settled spendthrift trusts. *See, e.g., In re Spenlinhauer,* 182 B.R. 361, 363 (Bankr. D.Me.1995) (applying the rule prohibiting self-settled trusts where the debtor was one of several settlors).

those countries, unlike the law of Connecticut and essentially all other states, *see infra*, at 103–104. It is unlikely that the debtor and his wife would have gone to the trouble of establishing these trusts in those countries for any reason other than to preserve the spendthrift provisions in the event that the trusts were found to be self-settled. Under that scenario, the defendants would expect, as they now argue, that Connecticut courts would apply the law of those countries, as provided by the trust instruments.

The assertion that the debtor and his wife intended to establish spendthrift trusts for tax and estate planning purposes and not to remove his wealth from the reach of creditors is not relevant. *See* 1 Restatement (Second) of Trusts § 156, Comment a. ("It is immaterial that the settlor-beneficiary had no intention to defraud his creditors"). *See also Marine Midland Bank v. Portnoy (In re Portnoy)*, 201 B.R. 685, 698 (Bankr. S.D.N.Y.1996). But even if it were, that explanation is not persuasive. Spendthrift trusts are usually established by someone to protect another from his or her imprudent conduct. *See* Adam J. Hirsch, *Spendthrift Trusts and Public Policy: Economic and Cognitive Perspectives*, 73 Wash.U.L.Q. 1, 1 (1995). There is nothing in the record of this case which suggests that the debtor was in need of such protection from his own acts. The record suggests otherwise: the debtor is a prominent and experienced businessman.

In determining whether the debtor was the settlor of these trusts, no reasonable view of the facts permits the conclusion that the elapsed time between the transfers verifies that the stock certificates were unconditionally Kathryn Frazer Brooks' property. The undisputed fact is that the debtor and his wife undertook a plan whereby he would transfer the certificates to her, and then she would transfer that property to Bermuda and Jersey spendthrift trusts for his benefit. The debtor performed his part of the scheme, and so did she.

The cumulative effect of the foregoing is that no reasonable finder of fact could find in favor of the defendants "... because the evidence to support [their] case is so slight." *In re Roberti, supra*, 183 B.R. at 999. In-deed, the evidence would lead reasonable minds only to the conclusion that Kathryn Frazer Brooks, in transferring the property to the trusts, was loyally following the plan that she and her husband devised, i.e., to remove the stock certificates from the reach of his creditors while providing him with any income from that property. It is therefore determined that these trusts are self-settled.

### 5.

### *Are the trusts enforceable?*

A trust which names the settlor as a beneficiary is invalid to the extent of the settlor's beneficial interest. 1 Restatement (Second) of Trusts § 156(2) at 326 (1959) ("Where a person creates for his own benefit a trust for support or a discretionary trust, his transferee or creditors can reach the maximum amount which the trustee under the terms of the trust could pay to him or apply for his benefit"); 2 A. Scott & W. Fratcher, *Law of Trusts* § 156, at 168 (4th ed. 1989) ("It is against public policy to permit the owner of property to create for his own benefit an interest in that property that cannot be reached by his creditors"). *See also*, 4 G. Bogert, *Law of Trusts and Trustees*, Rev.2d ed. § 233 (2d ed. 1966) ("If a settlor creates a trust for his own benefit and inserts a spendthrift clause, it is void as far as then existing or future creditors are concerned, and they can reach his interest under the trust"); E. Griswold, *Spendthrift Trusts*, § 345 at 405–406 (1936) ("A person cannot create a spendthrift trust for himself which shall be effective against the rights of ... creditors") (footnote omitted). Those principles have been adopted in nearly every jurisdiction. Anne S. Emanuel, *Spendthrift Trusts: It's Time to Codify the Compromise*, 72 Neb.L.Rev. 179, 190 (1993); Erwin N. Griswold, *Spendthrift Trusts, Created in Whole or in Part for the Benefit of the Settlor*, 44 Harv.L.Rev. 203, 206 n. 15 (1930). The question is whether Connecticut courts are in accord.

The Connecticut Supreme Court, citing Scott on Trusts and the Restatement of Trusts, and noting that virtually all other jurisdictions follow the same rule, has held

The attempt of a man to place his property in trust for his own benefit under

limitations similar to those which characterize a spendthrift trust is a departure from the underlying basis for the creation of such trusts. That aside, the public policy which sustains such trusts when created for the benefit of another is, where the settlor is himself the beneficiary, overborne by other considerations ... To admit the validity of such trusts would open too wide an opportunity for a man to evade his just debts to be permissible unless sanctioned by statutory enactment. This is the reason why the overwhelming weight of authority holds ineffective attempts to establish them....

*Greenwich Trust Co. v. Tyson, supra,* 129 Conn. 211, 219–220, 27 A.2d 166 (citations omitted). *Cantor v. Department of Income Maintenance,* 40 Conn.Supp. 554, 557, 531 A.2d 608 (1985), *aff'd,* 12 Conn.App. 435, 531 A.2d 606 (1987) noted:

> Comment (e) to ... section [156(2)] of the Restatement provides: 'Discretionary trust for the settlor. Where by the terms of the trust a trustee is to pay the settlor or apply for his benefit as much of the income or principal as the trustee may in his discretion determine, his transferee or creditors can reach the maximum amount which the trustee could pay to him or apply for his benefit.'... *The Restatement principle is adopted in Greenwich Trust Co. v. Tyson* ....

*(emphasis added).* The *Cantor* court essentially described the trust provisions here, i.e., the trustees are to pay to the debtor-settlor all of the income and as much of the principal as is deemed advisable in their discretion. Accordingly, the spendthrift provisions of these trusts are not enforceable under applicable Connecticut law.

For the foregoing reasons, the plaintiffs motion for summary judgment is granted, and it is determined that stock certificates transferred by the debtor to Kathryn Frazer Brooks are property of this bankruptcy estate, and

**IT IS SO ORDERED.**